## The People ex rel. Barrett v. Nathaniel Bacon, Circuit Judge.

*Judgment: Notice of trial: Motion to set aside.* While a judgment rendered on issue joined without notice of trial or appearance at the trial so far imports regularity as not to be, *ipso facto*, void, still it is irregular and liable to be set aside on motion.

When a party against whom such a judgment has been rendered in his absence, without proof of notice of trial appearing on the files, moves at the first opportunity to vacate it, he is entitled to that relief unless it is then made to appear that notice was in fact given.

*Notice of trial in appeal case: Absentees: Proof of notice under Rule 10.* Under Circuit Court rule 10, providing for notices of trial in appeal cases, when a party is absent, to make such notice valid, it must appear by legal proof, that the residence of the party to whom such notice is directed could not be ascertained after diligent inquiry; and that the notice was posted up in the Clerk's office for the required period in some conspicuous place, and proof must appear of the place of such posting.

Every clause and condition of the rule is to be regarded as having some significance; and no presumption can be made to aid a statement which omits any essential particular.

*Mandamus: Irregular judgment.* A mandamus is the proper remedy to compel the circuit judge to set aside such a judgment as this, where he has denied a proper application.

*Mandamus: Appellate Jurisdiction.* Where a mandamus issues to direct the action of a legal tribunal proceeding in the course of justice, it is an exercise of supervisory judicial control, and is in the nature of appellate action. In other cases, it is generally, if not always, an exercise of original jurisdiction.

The writ, therefore, in this case should be regarded as directed to the judge officially, and as binding the incumbent, whoever he may be, and not merely the judge who denied the application and has since ceased to hold the office.

*Mandamus: Costs.* When the writ relates to proceedings in a cause, the party sustaining the action complained of, and resisting the granting of the writ, is to all intents and purposes represented by the judge, on the motion; he is therefore responsible for the costs.

There is no authority to impose terms when the relator is only obtaining his legal rights: The writ must be unconditional.

*Heard and Decided April 21st.*

Mandamus to Circuit Judge of Branch County.

This was an application to compel the Circuit Judge to set aside a judgment rendered against Wallace W. Barrett, because of an illegal notice of trial.

The facts are stated in the opinion.

*Shipman & Loveridge,* for plaintiff in error.

1. It is error to try a cause without it is first duly noticed

for trial. — *2 Comp. L. § 4,347; Chamberlain v. O'Keef, 2 Mich. 357; Small v. Adrick, 5 Wend. 137; Knapp v. Mead, 2 Johns. Cas. 111; Jenks v. Payne, 15 Johns. 399; Turrill v. Walker, 4 Mich. 177; Bowen v. Clarke, 2 Wend. 249.*

The statute is imperative and makes the notice a condition precedent to the trial, and it must affirmatively appear that this condition has been performed, before a trial can be had. — *Strong v. Childs, 2 Mich. 107; Green's Prc. Sec. 901; Smith v. Roberts, 1 How. Pr. 40; 1 G. & W. New Trials, 11–18; 2 Id. 136–142; 3 Id. 887; Joslin v. Coffin, 5 How. Miss. 539; Schilling v. Welman, 5 N. S. Leg. Obs. 20; Beekman v. Reed, 5 Cow. 23; Montgomery v. Henry, 10 Mich. 19; Douseman v. O'Malley, 1 Doug. 450; Fitch v. Kettle, 3 M. & G. 856; Moredon v. Wyer, 6 M. & G. 278.*

And it seems this cannot be supplied by subsequent proof. — *Doolittle v. Ward, 5 Johns. 359.*

It does not come within the statute of amendments.

2. C. C. Rule 10 is based upon § *3854 of Comp. L.*, and that section speaks only of the notice mentioned in the preceding section. But the preceding Sec. 3,853 applies only to the first notice of trial after the appeal is taken. All subsequent notices come under the general statute, Sec. 4347; so there was no authority for serving the notice of trial by posting in the clerk's office for the term when this cause was tried, as it was not the first term after the appeal was taken, but a subsequent one. — *McDermott v. Board of Police, 5 Ab. Prc. 422; Ruthbun v. Acker, 18 Barb. 393; 2 Comp. L. § 3399 & 3399.*

3. But, reading the rules from 5 to 10 together, and giving full force to all, the order of service is : first, personally; second, by mail; and third, by posting in the clerk's office. Service cannot be made by mail so long as the parties reside in the same place, nor by posting when information of residence can be had. The rules were made to carry out the object of the statute, viz: to give the

opposite party an actual notice of trial, not to provide a method of getting to trial without such notice being given, and thereby defeat the statute. The means most certain to get this notice to the party, are to be resorted to first. Such notice is far more likely to reach the absent party where the notice of trial is sent by mail to his residence— "to be ascertained according to the best information and belief of the person making such service" (*Rule 9*) — than when posted in a distant clerk's office; hence, service by posting is not allowed when such information can be had. A strict compliance with this order of service is demanded by every consideration of justice. The law abhors an *ex parte* trial and a construction, the least likely to result in such iniquity, should be insisted upon, and no departure from it allowed.

Looking only at Mr. Turner's affidavit, we find, that he had "satisfactory" information of where Gen. Barrett was. That is much better information than rule 9 required him to have. Also that he knew where his family resided, for he says the General was not able to be with them "but' now and then." (That is immaterial, for he resided where his family lived.) Not receiving replies to his two or three letters is nothing, for *non constat* that answers were required; but not being returned to the writer was good evidence of their receipt by Gen. Barrett. The General's whereabouts was a matter of common notoriety and public information, for it was in "the papers," Mr. Turner says. Also, it appears that he knew he could get the information he did not seem to want, of Mr. Webb, and knew where the "best information" was to be had; but from all these sources, he negligently, if not wilfully, turned aside. Service by mail upon a fraction of the information confessed by Mr. Turner, (to say nothing of that which he avoided, or might have obtained by using the slightest diligence) would have been good, and hence he could not serve by posting. — *Collins v. Campfield, 9 How. Pr. 519; Jones v. Derby, 1 Ab. Pr. 458;*

18 MICH.—R.

*Peck v. Cook, 41 Barb. 549; Wortman v. Wortman, 17 Ab. Pr. 66; Irving s. &c. v. Hardman, 17 Ab. Pr. 67 n.*

Nor does Mr. Turner anywhere state that he did not know where Gen. Barrett resided, or that he could not ascertain his place of residence.

4. Mr. Turner's affidavit only shows the notice was posted in the clerk's office. It does not show that it was posted in a "conspicuous place" therein, as rule 10 requires. This is fatal.

The motion to vacate the judgment, being stated in the case made, is subject to review in this court. — *Sallee v. Ireland, 9 Mich. 154.*

*John W. Turner,* for defendant in error.

CAMPBELL J.

John W. Turner having recovered a judgment before a justice against the relator, for $58.50 damages and $2.50 costs, the latter appealed it to the Circuit Court. In that court, after the lapse of several terms, Turner, without introducing any proof that he had noticed the cause for hearing, proceeded *ex parte*, and obtained a judgment for $160 damages, with the costs. When Barrett, who was out of the state on military duty, heard of the fact, he applied to the court to set aside the judgment as irregular, for want of notice. Turner resisted the motion upon an affidavit, under which he attempted to show that he had given notice by posting it up in the clerk's office, on the claim that he could not learn the appellant's residence, and that the latter had not appeared by attorney. The court, upon this showing, refused to set aside the judgment, and the case was removed on exceptions and writ of error into this court. We dismissed the writ at the last term, as not applicable to such a case, and gave permission to the relator to apply for a *mandamus* upon the same showing.

THE PEOPLE EX REL. BARRETT v. BACON.

Cause is now shown against the writ, by claiming that upon the showing made by Turner, the Circuit Judge rightly refused to open the judgment.

The statute, ( *2 C. L.* § *4347* ) requires all issues of fact to be noticed for trial. Rule 10 of the Circuit Court rules provides that " in cases of appeal, where the party upon whom notice is sought to be served has not appeared by attorney or agent, and his place of residence cannot be ascertained, notice may be served by posting it in some conspicuous place in the office of the County Clerk."

While a judgment rendered without notice or appearance so far imports regularity as not to be *ipso facto* void, yet the statute would be a dead letter if such judgments were not held to be irregular and against right. Where any one attempts to bring on a cause *ex parte,* the court fails in its duty, and does a legal wrong to the absent party, unless it requires strict proof of regular notice, as a condition of going to a hearing. Proceedings without notice are contrary to the entire spirit of the law, and should not be countenanced.

When a party, against whom such a judgment has been rendered, in his absence, without proof of notice appearing on the files, moves at the first opportunity to vacate it, he is legally entitled to that relief unless it is then made to appear that legal notice was in fact given.

In the present case, an attempt was made to prove such notice. In order to make it valid, the party was bound to show that Barrett's residence could not be ascertained, and that notice was posted up in the clerk's office for the required period, in some conspicuous place.

Without examining the relator's own showing, and looking only at Turner's affidavit used before the Circuit Judge, it is manifest that no positive allegation is made from which it can be assumed that Barrett's residence could not have been ascertained. Instead of making the simple and natural statement that he had made diligent endeavors, and yet

had failed to ascertain the residence, the affiant undertook to give a narrative from which he desired that conclusion to be drawn, but which we think does not tend to establish it. It appears inferentially from the affidavit that Turner was not ignorant of the residence of Barrett's family, and also that Barrett was in the military service of the United States, and subject to removal from place to place under orders. As a man's residence is presumptively with his family, in the absence of any contrary showing, and as a military location does not, of itself, usually confer residence, that presumption should have been overcome. The affidavit in no place denies a knowledge of his residence. It merely denies a knowledge of his location. If this had been enough, it might possibly have sufficed, in connection with an allegation found in the affidavit, that he had made such inquiry, and obtained such information as he could, unless he had destroyed the force of this general statement by some particular facts showing what steps he took to inform himself. He alleges that he went to Webb, Barrett's father-in-law, and carefully concealed from him his object, and simply asked in a casual way about the whereabouts of several colonels, and among them Colonel Barrett, but taking pains to conceal his motive. Questions asked in such a way, as if out of idle curiosity, cannot be expected to set one at work to tax his memory, or to make search for information which he may have within reach. It is evident that there was not any attempt to use any diligence in ascertaining where Barrett was to be found.

There is not a single allegation tending to show ignorance of Barrett's residence or difficulty in ascertaining it.

The proof of posting notice is equally defective. It is not asserted to have been in a conspicuous place. Every clause and condition of the rule is to be regarded as having some significance, and no presumption can be made to aid a statement which omits any essential particular. Every one knows that there are many places in a clerk's office

where a notice would be anything but conspicuous, and where, if it could be done, notices not intended to excite much attention could be safely placed, with an assurance that they would remain unread. It should have been shown that this notice was put in a conspicuous place, and the place should have been mentioned. — *People v. Highway Comrs. of Nankin, 14 Mich. 528.*

The judgment should have been set aside, and a *mandamus* is the proper remedy to compel this. But two questions are presented of some importance bearing upon the nature of the writ as an original or appellate process. The first is, whether the writ is confined to the person, or whether it reaches the official position of the judge; or in other words, whether it can act upon whatever person is for the time being judge of the Circuit Court. The second refers to the liability to costs.

Where a *mandamus* issues to direct the action of a legal tribunal, 'proceeding in the course of justice, it is an exercise of supervisory judicial control, and is in the nature of appellate action. In other cases, it is generally, if not always, an exercise of original jurisdiction. In the case of *Marbury v. Madison, 1 Cranch, 137,* the Supreme Court of the United States, held that the Act of Congress, authorizing that court to issue writs of *mandamus* to public officers, was unconstitutional, as giving an original jurisdiction beyond that to which they were confined by the constitution. But the practice of issuing such writs to the inferior courts of the United States has been asserted and upheld in numerous cases. In *Ex parte Crane, 7 Peter's 190,* the power to issue these writs to courts was disputed, on the ground that it was an act of original jurisdiction, but the court notice the distinction in these words: "A *mandamui* to an officer is held to be the exercise of original jurisdiction; but a *mandamus* to an inferior court of the United States, is in the nature of appellate jurisdiction,"

*p. 193.* This view has been acted 'on ever since, and the writ has issued in numerous cases.

It would seem to follow, that the writ should be regarded as directed to the judge officially, and as binding the incumbent, whoever he may be. In all cases, the jurisdiction to issue mandamus depends on official character, and binds the officer, and the reason is, if anything, stronger where the writ issues to a court of justice. And where it relates to proceedings in a cause in court, the party sustaining the action complained of, and resisting the granting of the writ is to all intents and purposes represented by the judge on the motion. We can see no reason why he should not be held responsible for the costs as belonging in fact to the cause. A *certiorari* is, under the regular common law practice, not entitled in the cause which it brings up, or between the parties litigant, but it is like the writ of *mandamus*, a writ of the people directed to the judges. *Tidd's Pr. 403, 404.* We have in some cases retained this practice, but in bringing up cases from courts of justice, the title is generally retained as a private suit, and costs are granted as between parties. But the right to grant costs cannot depend upon the accuracy or inaccuracy of the entitling, and there is no real difference between *certiorari* and *mandamus*, in regard to the persons whom the court should consider as the true litigants. We have no doubt that Turner is liable for the costs of this application if granted, as Barrett would be, if denied.

The motion for a *mandamus* must be granted with ten dollars costs. We have no authority to impose terms, when the relator is only obtaining his legal rights, and the writ must be unconditional.

The other Justices concurred.