## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

BURROUGHS V. TAYLOR.

JUNE 15th, 1893.

Absent, Lacy, J.

PROHIBITION—*Justices—New Trial.*—A writ of prohibition will be granted to restrain a justice from allowing a new trial after more than thirty days after judgment, and to restrain defendant from proceeding after such new trial is allowed.

Argued at Richmond.   Decided at Wytheville.

Error to judgment of the judge of the circuit court of Mathews county, rendered in vacation, December 5, 1891, on petition of Charles F. Taylor and Richard M. Taylor, partners in the name of Charles F. Taylor & Co., against George W. Burroughs and Lemuel James, for a writ of prohibition.

*J. N. Stubbs,* for plaintiffs in error.

*John Donovan,* and *Cardwell & Cardwell,* for defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

The record discloses that Charles F. Taylor & Co. brought a warrant before Lemuel James, a justice of the peace of Mathews county, Virginia, against the appellant, George W. Bur-

roughs, for the sum of $71 90, with interest thereon from 11th day of July, 1890, which said warrant was tried and judgment rendered by the said justice, on the 3d day of October, 1891, against the said George W. Burroughs, in favor of the said Charles F. Taylor & Co., for $71 90, with interest thereon from the 11th day of July, 1890, and the costs.

On the 17th of October, 1891, notice of a motion for a new trial, to be made on the 9th day of November, 1891, was acknowledged by counsel for the plaintiff; and on the said 9th day of November, 1891, a new trial was granted by the said justice.

More than thirty days having elapsed from the date of the rendition of the judgment, the justice had no jurisdiction to award a new trial (section 2946, Code of 1887); and the justice being without jurisdiction in the case, he was properly restrained by the order of prohibition issued by the judge of the circuit court of Mathews county complained of. *Hogan* v. *Guigon, Judge,* 29 Gratt.: "The writ of prohibition lies to restrain an inferior court from acting in a matter of which it has no jurisdiction." (88 Va., 508.)

Our judgment is to affirm the action of the judge of the circuit court of Mathews county complained of.

JUDGMENT AFFIRMED.