GEORGE C. WHITMORE, APPELLANT, *v.* J. H. HARRIS, REFEREE, RESPONDENT.[1]

1. WRIT OF MANDATE TO REFEREE.—REFUSAL TO SIGN STATEMENT ON MOTION FOR NEW TRIAL.—Where the time for serving amendments to a proposed statement on motion for a new trial has expired, and no amendments have been proposed, on refusal of the referee to sign the statement a writ of mandate will issue.

2. ID.—COSTS AGAINST PARTY RESISTING APPLICATION FOR A WRIT OF MANDATE.—Where a party who obtained judgment in an action in which the referee refused to sign a proposed statement on motion for a new trial appears by counsel and resists the application for a writ of mandate to compel the referee to sign the statement, costs will be awarded against him and not against the referee.

(No. 411.   Decided June 19, 1894.   37 P. R. 464.)

APPEAL from the District Court of the Third Judicial District, Hon. Charles S. Zane, *Judge.*

Application for a writ of mandate by George C. Whitmore against J. H. Harris, referee, to compel him to sign a statement on motion for a new trial in the case of *Lewis A. Scott Elliot* v. *George C. Whitmore,* and another.

---

[1] Petition for a rehearing denied July 27, 1894.

From a judgment denying the writ, petitioner appeals. *Reversed.*

*Messrs. Brown & Henderson,* for appellant.

*Mr. C. S. Varian* and *Messrs. Zane & Putnam,* for respondent.

MERRITT, C. J.:

This is an appeal from an order or judgment of the Third District Court refusing and denying a petition for a writ of mandate. The facts are fully stated in an opinion of this court, just handed down, on an appeal from an order dismissing and denying a motion for a new trial, in the case of *Elliot* v. *Whitmore,* 37 Pac. 463, and the questions determined in that case are decisive of this.

The time for serving amendments to the proposed statement on motion for a new trial having expired, and no amendments proposed, it was the duty of the referee to sign the statement; and, having refused to do this, the writ asked for should have been granted. Lewis A. Scott Elliot, the plaintiff in the action to which this application for the writ of mandate relates, having appeared by counsel and resisted the application for the writ, costs should be awarded against him, instead of the referee. 2 Spell. Extr. Rel. § 1708; *People* v. *Bacon,* 18 Mich. 247. The judgment or order appealed from should be reversed, with costs against Lewis A. Scott Elliot, and the cause remanded, with directions to grant the writ as prayed.

MINER and SMITH, JJ., concur.