STATE ex rel. PORTER v. RITCHIE, Judge.

No. 1850.    Decided July 12, 1907 (91 Pac. 24).

Rehearing, July 12, 1907.

1. JUSTICES OF THE PEACE—PROCEDURE—NEW TRIAL.  Where the right to grant new trials is conferred upon justices of the peace, the same principles govern the extent and exercise of the jurisdiction as govern courts of record.

2. SAME—APPEAL—TIME FOR TAKING—EFFECT OF MOTION FOR NEW TRIAL.  Revised Statutes 1898, section 3744, provides that an appeal may be taken from the judgment of a justice of the peace at any time within thirty days after the rendition of judgment. Section 3742 provides that a new trial may be granted by the justice on motion made within ten days after the entry of judgment. Constitution, article 8, section 9, grants appeals only from final judgments of the justice of the peace. *Held,* that the filing of a motion for a new trial suspends the judgment, and an appeal cannot be taken until the overruling of the motion.[1]

_____

[1] Watson v. Mayberry, 15 Utah 265, 49 Pac. 479.

3. SAME—NEW TRIAL—TIME FOR DECISION ON MOTION. Under Revised Statutes 1898, section 3742, providing that a new trial may be granted by a justice of the peace on motion made within ten days after the entry of judgment, no time is fixed within which the motion must be decided.

4. STATUTES—REVISION—SETTING FORTH PROVISIONS AS ALTERED—CONSTRUCTION. Where, in a revision of the statutes, the phraseology of a section is changed, the obvious effect of which is to give it a different meaning, the courts cannot give the old meaning to the new section.

ON APPLICATION FOR REHEARING.

5. COSTS—ON APPEAL—DISCRETION OF COURT—MANDAMUS. The awarding of costs in *certiorari* and *mandamus* proceedings rests in the discretion of the court.[2]

6. SAME. Where the question presented in a *mandamus* proceeding in the appellate court, to compel the district court to reinstate an appeal from a justice's court, dismissed as not taken in time, was the jurisdiction of the district court to hear the appeal on the merits, costs should not be awarded against the real party in interest, who had moved in the district court to dismiss the appeal only as a suggestion that the court did not have jurisdiction, and who did not appear in the *mandamus* proceedings against the judge of the district court, who opposed merely to settle the law.

Mandamus by the state, on the relation of Don Porter, against Morris L. Ritchie, as judge of the district court, and another.

WRIT GRANTED.

*C. S. Price* for petitioner.

*McGurrin & Gustin* for defendant.

FRICK, J.

This is an original application to this court for a writ of mandate against one of the judges of the district court of Salt Lake county. The application is based upon substantially the following proceedings: On December 7, 1905, one Mae Houghton, as plaintiff, filed her complaint in the justice court in and for Salt Lake county against Don Porter, praying judgment for $41.66. Porter appeared and filed a

_____

[2] O. S. L. Ry. Co. v. District Court, 30 Utah 371, 85 Pac. 360; Hoffman v. Lewis (Utah), 87 Pac. 167; State v. Morse (Utah), 87 Pac. 705.

general denial as a defense to the action. On January 8,
1906, the justice entered judgment after a trial, against Por-
ter, for the amount prayed for, with costs. On January 17,
1906, and within the time allowed by section 3742, Rev. St.
1898, and upon the grounds therein provided, Porter served
the plaintiff, and filed with the justice, a motion for a new
trial, supported by affidavit, as required by section 3743. This
motion remained pending until September 27, 1906, when
the plaintiff in said action caused a notice to be served on said
Porter notifying him that said motion for a new trial would
be heard by the justice on the 1st day of October following.
On that day the motion was heard by the justice and over-
ruled. On the 10th day of October, 1906, Porter served the
plaintiff in that action and filed with the justice a notice of
appeal, and thereafter, on the 12th day of October, 1906,
duly filed the necessary undertaking on appeal, as required
by law, and appealed said cause to the district court of Salt
Lake county. The justice thereafter in due time transmitted
the papers in said case to the clerk of said district court, and
the cause was duly docketed in said court and the fees there-
for paid as required by law. In other words, the appeal was
regular in all respects, if taken in time. On January 31,
1907, the plaintiff in said action served and filed a motion
to dismiss said appeal upon the sole ground that it had not
been taken within the time required by the laws of this state
relating to appeals from justices' courts. Upon the hearing
of said motion the respondent in this proceeding, as judge
of said district court, sustained the same and dismissed said
appeal, and upon application to reinstate the same and to pro-
ceed to a hearing upon the merits, refused, and this applica-
tion is made to require him to do so. The questions pre-
sented for decision are: (1) Was said appeal taken with-
in the time required by the laws of this state governing ap-
peals from justice courts to the district courts? And (2)
was the motion for a new trial passed on within the time the
law authorized the justice to do so?

The time within which an appeal must be taken from
judgments of justices of the peace is stated in section 3744 to

be "at any time within thirty days after the rendition of judgment." If this section stood alone, or if the part above quoted is controlling in all cases, regardless of any other provision in other sections relating to the trial of and proceedings before justices of the peace, then it necessarily follows that the appeal in this case, not having been taken within the time fixed by said section, was not taken in time, and therefore cannot be sustained. In view, however, of other sections relating to the subject-matter, this conclusion does not necessarily follow. Section 3742 reads as follows: "A new trial may be granted by the justice on motion made within ten days after the entry of judgment, for the following causes." Then follow the causes for which a new trial may be granted by the justice. This section, in another form, is first found in the Compiled Laws of 1876 as section 1802. The wording and punctuation, as there enacted, are as follows: "A new trial may be granted by the justice, on motion, within ten days after the entry of judgment, for any of the following causes." This wording and punctuation were carried into the Compiled Laws of 1888, and constituted section 3655 of that compilation. In 1898, however, when the Revised Statutes were adopted, the wording and punctuation were changed as they are now in section 3742, above quoted. During all of the time, however, since 1876, the langauge respecting the time within which an appeal must be taken is the same as quoted above. The language respecting the time within which appeals must be taken was thus adopted without modification into the revision of 1898, but not so with respect to the granting of new trials by justices of the peace, as clearly appears from the foregoing quotations. In this connection it should not be overlooked that justice courts of this state are constitutional courts, and the right to an appeal from final judgments of such courts is expressly provided by the Constitution (article 8, section 9), "with such limitations and restrictions as shall be provided by law." The right to an appeal, however, is a constitutional right. In the same article and section of the Constitution the right to an appeal from all final judgments of the district courts to this court is also given,

and the time within which such appeals must be taken is fixed by section 3301 in the following language: "An appeal may be taken within six months from the entry of judgment or order appealed from." The time limit in which an appeal must thus be taken from the judgment of the district court is six months from the entry of judgment, and from a justice's judgment 30 days after the rendition of the judgment. Since we have no such thing as a judgment without a record in this state, all judgments, to be of any effect whatever, must be in writing, and hence there can be no essential difference between the "entry" and "rendition" of a judgment. Moreover, by section 3726, it is provided that, when the case is tried by a justice, he must enter judgment at the conclusion of the trial or within two days thereafter. In section 3757 the justice is required to enter all motions and judgments in his docket, and by section 3758 he is required to enter all matters that are required to be entered as of the time when they occur.

The foregoing matters have thus been specifically set forth for the reason that the relator contends that the time within which an appeal is required to be taken from a justice's judgment is within thirty days after the motion for a new trial has been overruled by him, for the reason, as we understand the relator, that the Constitution grants appeals only from final judgments, and that a judgment which is subject to motion for a new trial is suspended, and hence not a final judgment subject to appeal, and becomes final only upon the overruling of the motion for a new trial. In support of his contention he cites numerous authorities to the effect that a motion for a new trial, when the right to make one is given, suspends the judgment, and the time within which an appeal must be taken begins to run from the time the motion is overruled. This, it must be conceded, is the general rule, and is the one adopted by this court with regard to the time within which appeals must be taken from judgments of the district courts, notwithstanding the language contained in section 3301, which requires it to be done within six months

32 Utah—25

from the entry of judgment. The reasons for the rule are discussed in the case of *Watson v. Mayberry,* 15 Utah 265, 49 Pac. 479, and they are well supported by the following authorities: *Smelting Company v. Billings,* 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986; *Voorhees v. Mfg. Co.,* 151 U. S. 135, 14 Sup. Ct. 295, 38 L. Ed. 101; *Railroad Co. v. Holmes,* 155 U. S. 137, 15 Sup. Ct. 28, 39 L. Ed. 99; *Kingman v. Western Mfg. Co.,* 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192; 2 Thompson, Trials, sec. 2730; Hillard on New Trials, 59; *State v. Chapman,* 76 Pac. 525, 35 Wash. 64; *Louisville, etc., v. Commonwealth,* 71 Ky. 179; *Reynolds v. Horine,* 13 B. Mon. (Ky.) 234. In 1 Spelling on New Trials, sec. 28, in speaking of new trials in justice courts, the author says: "In several states are found statutes providing for a new trial in justices' courts. These present nothing peculiar or exceptional. The same principles govern the extent and exercise of the jurisdiction as govern courts of record."

The right to grant new trials being expressly conferred upon justices of the peace by section 3742, the legal effect of a motion for a new trial, if filed within the time allowed by the statute giving the right to file it, must in the absence of any express provision to the contrary, be held to be the same in justices' courts as in the district courts. This, we think, is likewise the evident purpose and meaning of section 3771, Rev. St. 1898, where the provisions of the Code in their nature applicable are made applicable to the proceedings in justices' courts. The power to vacate judgments and to grant a new trial is certainly conferred on justices of the peace, and in the exercise of that power, to the extent it is given, it cannot, in legal contemplation, be different from the exercise of a similar power by the district courts. If, then, the filing of a motion for a new trial in the district court has the legal effect of suspending its judgment, and thus preventing it from being a final judgment, under the Constitution, for the purposes of an appeal, as held in *Watson v. Mayberry,* supra, why is not the legal effect precisely the same with regard to judgments of justices' courts? Certainly the reasons are the

same, which are that, the court having power under the mo-
tion to set aside the judgment and to grant a new trial, there-
fore the judgment cannot be final until the overruling of the
motion, which settles the contentions of the parties and
makes the judgment final; and, as the Constitution limits the
right to an appeal from final judgments only, the right cannot
exist, and therefore cannot be exercised, until the judgment
is, in contemplation of law, a final judgment.

The respondent, however, contends that the justice was
required to pass on the motion for a new trial, and to grant
or refuse it, within ten days after the entry of the judg-
ment in this case. By reference to the dates set forth in
the statement of facts it will be seen that this was not done.
The second question, therefore, arises, which is: Is the
time within which the justice must pass upon the motion
limited by section 3742? It must be granted that, as the
section was originally worded and punctuated, expressly in
view of the existing time limit within which to appeal, the
contention has great force. The original phraseology of the
section has, however, been changed, and with it the original
punctuation, to make it conform to the changed phraseology.
This change, however, cannot be held to be one where a
section is re-written by revisers for the sake of brevity or
condensation, with the view of retaining and making the
original meaning clearer; but the change was manifestly made
for the purpose of preventing a misconstruction of the mean-
ing of the statute, and to so frame it that only one meaning
was possible in view of the language used. This purpose is
made clear, we think, from a comparison and analysis of
the original and present wording and punctuation of the
two sections. As it originally stood it read and was punc-
tuated as follows: "A new trial may be granted by the
justice, on motion, within ten days after the entry of judg-
ment." What could the justice do, under the wording and
punctuation of this section? He could grant a new trial.
How? On motion. When? Within ten days after the en-
try of the judgment. In this section the phrase "within
ten days," etc., clearly relates back to and modifies the phrase

"a new trial may be granted;" that is, the time limit can only refer to the granting of a new trial. It cannot reasonably be made to refer to anything else. It cannot refer to the pharse "on motion," because this phrase does no more than point out the means by which the power to grant is set in motion. The phrase "on motion" might just as well be placed in parenthesis in the original section, for that is its grammatical effect, in view that it is set off by commas. It was a reasonable contention, therefore, under the old wording and punctuation, that the motion for a new trial would have to be made and passed on within ten days from the entry of judgment. Of course, this construction would lead to some incongruity, in that no time limit is given in which a motion was to be made, except the implied one that it must be made at least before it had to be passed on. The succeeding section, however, provides for counter affidavits, if filed one day previous to the hearing on the motion. Taking all these provisions together, it left the whole matter in a somewhat confused state. This evidently was intended to be corrected when the section was amended and adopted in 1898 as section 3742. That section now reads and is punctuated as follows: " A new trial may be granted by the justice on motion made within ten days after the entry of judgment." It will be observed that the two commas which separated the phrase "on motion" are ommitted, while after said phrase the word "made" is inserted. The word "made" here clearly refers, and can only refer, to the phrase "on motion;" that is, on motion being made, etc. The word "being," or its equivalent, "which is," is implied before the word "made." Under the present wording of the statute, the phrase "within ten days" no longer can be carried back to the phrase "a new trial may be granted," but it now qualifies the phrase "on motion made;" that is, if a motion be made within ten days after entry of judgment, the justice may grant a new trial. It certainly will not do to say that the phrase "within ten days," etc., as written in the present section, refers, or under any rule of grammatical construction can reasonably be made to refer, back to "a new trial may be granted," so

as to make it mean that a new trial may be granted within ten days after the entry of judgment on motion made for that purpose.   To so construe the language of the section would distort the regular and ordinary meaning of the words, in view of their position, and would change the manifest intention of the author who placed them as they stand.

We are not unmindful of the salutary rule that it is our duty to harmonize conflicting provisions or sections, if possible, and, to that end, to expand or restrict the natural or ordinary meaning of words to make them speak the evident intention of the author or authors.   This rule, however, does not permit us to go to the extent of changing the entire meaning of a section or provision to bring about harmony.   The first duty of the court is to give all words and phrases their natural, obvious, and ordinary meaning, and the right to expand or restrict them is permissible only when, in giving the ordinary and natural meaning, the result would lead to absurdity, or to a partial or total repeal of a provision or section.   If the natural and obvious meaning can be retained, and all conflicting provisions can be harmonized and made effective, by other reasonable rules and principles of construction, then the latter method will be adopted, as it should be. There are such other reasonable means open in this case. The right to an appeal in this state from final judgments of justices' courts is a constitutional right.   The means and the limits of its exercise only are left to legislative power.   The right to make a motion for a new trial is conferred upon a litigant, and the justice is given the power to grant it.   As we read the statute, no limit is fixed within which the motion must be decided, although one is fixed within which it must be made.   Under the rules of procedure either party may bring the motion on for hearing at any time, and the justice certainly could, after a reasonable time, be compelled to act upon it.   The only provision, therefore, that stands in the way of harmonizing all of the provisions pertaining to new trials and appeals from justices' courts, is the one that an appeal must be taken within thirty days after the rendition of the judgment.

We have already pointed out that this court has held, as other courts have, that the making of a motion for a new trial within the proper time suspends the judgment, and prevents its finality for the purpose of an appeal. If this be so, then the judgment in this case was not a final judgment, within the constitutional meaning, while the motion for a new trial was pending, and hence not appealable. The right to an appeal, then, did not exist, and could not be exercised, until the judgment was made final by the overruling of the motion for a new trial, the pendency of which prevented it from being so. It is no answer to say that a party may appeal, notwithstanding the motion remains undisposed of. The right to make the motion is given. The purpose thereof must be to give the justice an opportunity to review his findings respecting the sufficiency of the evidence, or, in case of accident or surprise or newly discovered evidence, to grant a new trial upon those grounds. The motion was not intended as a mere idle ceremony, which it would be if an appeal must be taken while it is pending or before a ruling thereon. Jurisdiction, being once conferred, is not to be destroyed, unless by some positive provision or by some unavoidable implication of law. If it be held, therefore, that the time for an appeal dates from the time the judgment in fact became final by the overruling of the motion for a new trial, which is in accordance with the general rule, then all the seeming conflicting provisions of the different sections are harmonized, and no violence is committed by the construction above adopted to any of them. If, however, we hold that the time for an appeal from judgments of the district courts does not run from the entry of judgment, when such is the language of the statute, but that it does so from justices' judgments, under precisely the same conditions and language, so far as its effect is concerned, then we must ignore either one or the other provision applicable to the same subject-matter, viz., the constitutional provision of appeals from final judgments. It is manifest that a judgment cannot be final so long as it is within the power of the court to set it aside upon a pending motion. It is equally obvious that the mere grade of a court

cannot affect this principle. Of course, all this depends on whether the motion for a new trial must be made and passed upon within ten days from the entry of the judgment. Upon this point we have already pointed out the distinction between section 3742 as changed in 1898 and as it was before that time.

In 1898 section 3657, Comp. Laws 1888, was also substituted by section 3744, which gives an enlarged right to an appeal in a certain class of cases. It might just as well be contended that the meaning of section 3744 is the same as the meaning of section 3657, as to say that section 3742 means the same as did the old section 3655. The phraseology of section 3742 being changed, it must be assumed that the meaning was intended to be changed. The change is too radical, according to the rules applied to ascertain the ordinary meaning of words, to admit of serious doubt. Where such is the case, the courts have no right to force into the new phraseology the old meaning. (2 Lewis' Suth. Stat. Con., section 401; *Collins v. Millen,* 57 Ohio St. 289-296, 48 N. E. 1097.) When the change was made in 1898, the Constitution had changed the right to appeal to this court with regard to the great majority of the cases tried in justices' courts. Nearly all the cases became final on appeal to the district courts after the adoption of the Constitution in 1896; but the old provision still stood— that a justice must decide a case and render judgment within two days after trial. It is only fair to assume that the Legislature thought that, while that short space of time might be sufficient in most cases, there might be some which required more time for consideration; hence it made the time within which a new trial might be granted without express limitation, leaving it to the parties to call it up for hearing, and give the justice a reasonable time, at least, in which to decide, the same as in the district courts. If this was not the intention, then it would have been an easy matter for the Legislature to so frame the section as to limit both the time of filing the motion and the time in which it should be passed on. The first was provided for. The latter was omitted; and we are

not authorized to make it by a forced construction, for the sole reason that a time limit is fixed in another section with regard to some other matter connected with the first, but which has been held does not under similar conditions apply to judgments of other courts.

We are cited to cases from other courts which it is asserted are decisive of the question. We will now briefly review these cases. *Scott v. Meyer,* 3 S. W. 883, 49 Ark. 17, is a case from the state of Arkansas, where it was held that the time limit for an appeal in that state is absolute, and that the pendency of a motion for a new trial does not extend the time in which to appeal. The decision is very brief, and gives no reasons for the conclusion reached. It is contrary, however, to nearly all, if not all, the authorities, in holding that the pendency of a motion for a new trial, if filed under a statutory right and within time, does not suspend a judgment for the purposes of an appeal. See authorities first above cited. The Montana case *(State v. Votaw,* 16 Mont. 308, 40 Pac. 597), does not reach the question involved in this case. That case decides that the notice of intention to move is not a motion for a new trial, and that a new trial granted by a justice of the peace upon a motion filed after the time in which the statute required it to be done was of no force or effect, and that the original judgment was not vacated thereby. Were such a case presented here, we should not hesitate to follow that decision. *Kerner v. Petigo,* 25 Kan. 652, is a case where it is held that the justice exceeded his power in granting a new trial in a case tried before him, for the reason that the statutes of Kansas permitted him to grant new trials only in cases tried to a jury. Moreover, the time within which a new trial could be granted, in any event, was absolutely limited by the Kansas statute, and the justice granted a new trial after the limit had passed. The case of *Vogel v. Lawrenceburg Tob. Co.,* 49 Ind. 218, is like the Kansas case, in that the justice after the time the limit imposed by the Indiana statute had expired. This was also the precise point decided in the case of *Derby v. Heath,* 59 Ohio St. 54, 51 N. E. 547, and *Burroughs v. Taylor,* 90 Va. 55,

17 S. E. 745. The citation found in 24 Cyc. 586, cited by counsel, contains nothing to the contrary.

The foregoing are all the cases cited, and we have found no others. In all those cases, therefore, we have an express statutory limitation within which the justice must act, and if he fails to do so within that limit the power to act is wanting. If this had been made so by express statute in this state, there would be no difficulty; but we are asked to so hold by implication merely. We should have less hesitancy in so holding, were it not for the fact that this court has held—and which holding is clearly right, both upon principle and authority—that the time limit for appeals made in almost the precise language, certainly in the same sense, did not apply, where a motion for a new trial was pending, when applied to the district courts. This has become the settled practice in this state. (*Stoll v. Daly Mining Company,* 19 Utah 280, 57 Pac. 295.) If this is good law when applied to appeals from district courts, it should be the same when applied to justices' courts.

We might add, in conclusion, that the question here decided has no longer any practical value or effect, apart from its effect in this case, for the reason that the Legislature at its last session fixed the time absolute in which appeals must be taken from justices' courts. This, however, is no reason why we should not declare the law as in our judgment it should be declared.

A peremptory writ of mandate is granted, requiring the respondent to vacate the judgment dismissing the appeal and to reinstate the case, and to proceed therewith in accordance with law.

McCARTY, C. J., and STRAUP, J., concur.

ON REHEARING.

FRICK, J.

An application for a rehearing is made in this case, asking this court to modify the judgment heretofore rendered, so as to include costs in favor of the petitioner and against the respondent, Mae Houghton.. While in some cases the courts have awarded costs in certiorari and mandamus proceedings to the prevailing party, the same as in all other cases, we think the better rule, in the absence of a special statute, is to award or withhold costs as best comports with a sound judicial discretion. (Merrill on Mandamus, section 310; High on Extra. Rem. [3d Ed.], section 518.) This has also been the prevailing rule in this court. (*O. S. L. Ry. Co. v. District Court,* 85 Pac. 360, 30 Utah 371; *Hoffman v. Lewis* [Utah], 87 Pac. 167; *State v. Morse* [Utah], 87 Pac. 705.)

The petitioner, however, insists that in this case the costs should be taxed against the real party in interest, and asserts that the real party in interest was made a party to this proceeding, and hence the costs should be taxed against her. This sometimes is done, and properly so, as appears from the case of *Whitmore v. Harris,* 10 Utah 259, 37 Pac. 464. In that case, however, the real party in interest resisted the application, while in the case at bar no one appeared but the judge. Costs are sometimes taxed against the real party in interest, although not a nominal party to the proceedings. (*People v. Bacon,* 18 Mich. 247.) More frequently, however, costs are not allowed to either party. (*State v. Judge,* 12 Iowa 237, *Tennant v. Crocker,* 85 Mich. 328-340, 48 N. W. 577, and the cases first above cited from this court.) Applying the general rule to this case, we do not think it is a proper case in which to tax costs against the real party in interest, for the following reasons:

The question presented to the district court was one of jurisdiction—power to hear the appeal on the merits. If the appeal was not taken in time, the district court was without power to hear and determine the questions involved. The

district court, therefore, might have raised the question on its own motion, and the fact that the respondent, Mae Houghton, made the motion to dismiss the appeal, was no more than a suggestion that the court was without jurisdiction to proceed to the merits of the case. The court concurred in this view and entered judgment accordingly. Unfortunately the law did not permit the petitioner to appeal from that judgment, and hence, in order to settle the legal questions involved, he was compelled to resort to a direct proceeding in this court against the judge. To have commenced the proceeding against the respondent, Houghton, would have been useless; nor was she a necessary party to the proceeding in this court. True, she might have filed an answer and have resisted the application, and possibly have put the petitioner to some additional trouble and expense. This she did not do, however; but the judge appeared alone, and he did so for the sole purpose of settling the law. If the respondent, Houghton, had come into this court and confessed the application of the petitioner, the result would have been the same. Her admission could not have conferred jurisdiction on the district court, nor could it have relieved this court from determining that question. Jurisdiction of the subject-matter cannot be conferred in that way. The dilemma, therefore, applied to the petitioner alone. It was his misfortune to be placed in the legal attitude of either having to pay a judgment rendered against him by a competent court in the original action, or come to this court in a direct proceeding to determine the question whether or not he should be given another trial on the merits. While he is innocent, the respondent, Houghton, is equally without fault; and the only obstacle in his way, as the district judge viewed it, was the want of jurisdiction on his part to hear the appeal on the merits.

We do not think, therefore, that this is a proper case in which to impose the costs of this proceeding upon the respondent, Houghton. The application, therefore, ought to be, and accordingly is, denied.

McCARTY, C. J., and STRAUP, J., concur.