## TOWLER et al. v. WARENSKI et al.

No. 3729. Decided February 23, 1922. (205 Pac. 330.)

1. MANDAMUS—COSTS ARE IN COURT'S DISCRETION. Under Comp. Laws 1917, §§ 7036, 7038, 7041, 7046 to 7048, and 7401, costs in mandamus proceedings against a judge or public officer are in the court's discretion.[1]

2. MANDAMUS—COST BILL NEED NOT BE SERVED WITHIN 5 DAYS AFTER REMITTITUR. In view of Comp. Laws 1917, § 7046, requiring that the same costs on review in special proceedings otherwise than by appeal be allowed as on appeal, the party to whom costs are awarded by the appellate court in mandamus may serve his cost bill at any time within 30 days after the remittitur is filed as provided by section 7048; section 7047, requiring service within 5 days after the verdict or notice of decision, applying only to actions determined in the district courts.

Application for mandamus by Richard C. Towler and another against W. J. Warenski and another.

---

[1] *State* v. *Ritchie, Judge*, 32 Utah, 394, 91 Pac. 24.

PEREMPTORY WRIT DENIED, at plaintiff's cost (59 Utah 171, 202 Pac. 374).   Plaintiffs' motion to disallow costs DENIED.

*D. W. Moffat* of Murray, for appellants.

*John E. Pixton,* of Murray, for respondents.

FRICK, J.

The question to be determined arises upon plaintiff's "motion to disallow costs."

The facts briefly stated, are:   On October 25, 1921, plaintiffs filed their application for an alternative writ of mandate against the defendants and such a writ was duly granted on said day, and made returnable on the 29th day of said month.   On the return day the parties appeared and submitted the cause for decision entirely upon questions of law. On the 12th day of December following this court handed down a written opinion, in which it decided the questions of law in favor of the defendants and denied a peremptory writ of mandate at plaintiffs' cost."   See 59 Utah —, 202 Pac. 374.   The proceeding was thus completely disposed of. On December 23, 1921, defendants' counsel served upon plaintiffs' counsel his "memorandum of costs and disbursements" in the proceeding.   On December 24, plaintiffs' counsel filed a "motion to disallow costs" for the alleged reason that "the defendants' cost bill was not served within the time required by law."   The motion was submitted to this court without argument on the part of plaintiffs' counsel.   Neither has he filed any brief or argument in support of his motion.

The question arises entirely upon the meaning of our statutes and the established practice of this court.

Comp. Laws Utah 1917, § 7036, provides that costs are allowed to the prevailing party in original proceedings. Section 7038 provides that in cases not provided for in section 7036 "costs may be allowed or not, and, if allowed, may be apportioned between the parties" in the discretion of the

court.    Section 7041 provides that when a new trial is ordered, or when a judgment is modified on appeal, ''the costs of appeal are in the discretion of the court.''    That section further provides:

"In all other cases the prevailing party shall recover from the other party his costs."

Section 7046 reads:

"When the decision of a court of inferior jurisdiction in a special proceeding is brought before a court of higher jurisdiction for review, in any other way than by an appeal, the same costs must be allowed as in cases on appeal, and may be collected by execution or in such manner as the court may direct, according to the nature of the case."

Section 7047 is as follows:

"The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve a copy upon the adverse party, within five days after the verdict or notice of the decision of the court or referee, or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding.    A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

Section 7048 provides:

"Whenever costs are awarded to a party by an appellate court, if such party claims costs, he shall, within thirty days after the remittitur is filed with the clerk below, serve upon the opposite party a memorandum of his costs, verified as prescribed by law, and deliver the same to the clerk of the court below:    Provided, that if a remittitur be filed by the party against whom the costs are awarded, that party shall serve written notice of the filing thereof on the party to whom the costs are awarded, and the period for filing the cost bill shall begin to run with the service of such notice. The cost to be awarded to a party as provided in this and the preceding sections shall include the reasonable cost of printing transcripts and briefs, and of transcribing the stenographer's notes or 'minutes of the trial or hearing.    The opposite party may, within

ten days after service of the memorandum of costs, upon notice given, move the court below to correct the bill of costs as in other cases.   Upon the decision of the motion, the clerk shall forthwith attach the memorandum of costs to the remittitur, and annex both to the judgment roll, and enter minutes of his doings in the judgment docket.   Thereafter the judgment of the appellate court shall constitute and stand as the judgment of the court below and become a lien upon the real property of the party against whom the costs are awarded, with the right of execution therefor as in other cases."

Section 7401, which relates to a proceeding in mandamus, reads as follows:

"If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referees, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue, and a peremptory mandate must also be awarded without delay."

In *State* v. *Ritchie, Judge,* 32 Utah, 394, 91 Pac. 24, this court, in following the decisions in prior cases, held that in court for more than 15 years.   Moreover, the practice in this court in taxing and serving bills, whether original or mandamus proceedings against a judge or public officer costs are in the discretion of the court.   That has been the uniform holding and practice of this appellate, has been in accordance with the provisions of section 7048, and not in accordance with section 7047, as now contended by plaintiffs' counsel.   A mere cursory reading of section 7047, we think, shows that it was intended to apply to actions determined in the district courts, that is, in trial courts, and that section 7048 was intended to apply to this court.   True, that section applies more particularly to appeal cases, but if section 7046 is read in connection with section 7048, as it must be, it is clear that the portion of section 7046 applies to special proceedings like the one at bar precisely the same as to appellate proceedings.   Nor is there the slightest reason why the provisions of sections 7046 and 7048 should not apply to special proceedings in this court.   To adopt plaintiffs' contention would necessarily lead to confusion and conflict, in that there would be one kind of procedure in one class of cases before this

court and a different kind in another class, without any valid reason for such difference. Moreover, it would entirely ignore the long settled practice of this court in serving cost bills.

If a party desires the judgment of this court with respect to the taxing of costs under peculiar circumstances he may, no doubt, bring the matter to the attention of this court, and may obtain such an order or direction as the "nature of the case" requires.

The writer has carefully gone over the statutes of both California and Montana, from which states our sections referred to and others relating to costs are principally taken, and he has found nothing which in any way conflicts with the former practice of this court or with the views herein expressed.

The motion to disallow costs should therefore be, and the same is, accordingly, denied.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.