## CIRCUIT COURT OF THE CITY OF NORFOLK

Richard Rigg

v.

Gene Old

September 10, 1981

Case No. (Law) L-81-1683 (Civil Appeal)

By JUDGE EDWARD L. RYAN, JR.

Proceedings and chronology in District Court:

*July 15, 1981* - Plaintiff's action dismissed for failure to appear and prosecute on return date.

*July 30, 1981* - Plaintiff filed and gave notice of motion to "re-open"; return date August 20, 1981.

*August 20, 1981* - District Court ordered case "re-opened" and set new trial date for September 11, 1981.

*August 21, 1981* - Defendant gave notice of appeal of reopening order to Circuit Court.

On appeal, defendant says that the District Court erred as it had no authority to order a reopening after the expiration of thirty days from the date of dismissal and cites:

> Section 16.1-97. *When a new trial granted. After thirty days* from any judgment in a district court *no new trial shall be granted* therein (except for fraud on the court; a void judgment; proof of an accord and satisfaction - Section 8.01-428). No new trial shall be granted *within the thirty days* (unless proper notice given). (Italics added.)

It appears that the provisions of the above statute are clearly mandatory.

> If by the use of *negative words* the statute requires a particular proceeding to be *taken in a particular time* or manner, makes it void if not so done, or gives it effect provided it is not so done, *or declares that unless it is so taken subsequent proceedings shall not be had*, or prohibits its being done except at the time the statute prescribes *or if any terms plainly imperative are employed*, the intent is clear and no discretion can be permitted in construction. 17 M.J., *Statutes*, § 75. (Italics added.)

> A statute will be regarded as *mandatory* where it contains *words of positive prohibition*, or where it is *couched in negative terms* importing that the act required *shall not be done otherwise than as designated*. 73 Am. Jur. 2d, *Statutes*, § 22. (Italics added.)

Section 16.1-106 of the Code authorizes an appeal from "*any* order entered" or "judgment rendered" by the District Court as a matter of right, hence this court concludes that this appeal is not premature.

This court concludes that the District Court had no authority to reopen the case and that the ordering of a new trial date on September 11, 1981, is a nullity.