## CIRCUIT COURT OF THE CITY OF RICHMOND

Aubrey H. Taylor

v.

William M. Wimbish, Judge

August 1, 1988

Case No. LM 614-2

By JUDGE ROBERT L. HARRIS, SR.

Aubrey H. Taylor filed a Petition for Writ of Prohibition in this court on February 24, 1988, asserting that the Hon. William Wimbish, while sitting as Judge of the General District Court for the City of Richmond, granted a motion to rehear a case when he did not have the authority to do so. More particularly, Taylor asserts that on March 10, 1986, he instituted suit against Charles M. Stevens in the General District Court, and Judge Wimbish granted a default judgment against Stevens on April 18, 1986. In October of 1986, Stevens made a motion to vacate that default judgment and that motion was granted. A trial on its merits was scheduled for December 11, 1986, and on that date the case was continued to February 27, 1987. On February 27, 1987, Stevens failed to appear and default judgment was again granted against him. Although plaintiff alleges that Stevens was present at the October, 1986, hearing, he did not appear for the December hearing. Stevens asserts that he did not have notice of the continuance, and he asked the court to vacate the default judgment

entered on February 27, 1987. On December 17, 1987, Judge Wimbish set aside the default judgment entered on February 27, 1987.

Taylor asserts that Judge Wimbish exceeded his jurisdiction when he set aside the February 27, 1987, judgment, because there was no showing of fraud, accord and satisfaction or a void judgment as required by the Va. Code Ann. Section 8.01-428(A) (1984 Repl. Vol.).

Taylor asserts that Stevens had adequate notice of the December 11, 1986, court date, and maintains that since he did not appear on that date, it was his responsibility to ascertain the new trial date.

On March 14, 1988, Guy Horsley, Senior Assistant Attorney General, filed a demurrer on behalf of Judge Wimbish asserting that Taylor's Petition did not demonstrate that Judge Wimbish lacked jurisdiction when he set aside the default judgment, and that the Petition was technically deficient as it was not verified by oath as required by Va. Code Ann. § 8.01-644 (1984 Repl. Vol.). Mr. Horsley further asserts that Judge Wimbish did have the authority to set aside the default judgment pursuant to Va. Code Ann. § 8.01-428(A) (1984 Repl. Vol.). Mr. Horsley argues that if Judge Wimbish's action in setting aside the default judgment was improper, Taylor's remedy was to appeal the order setting aside the judgment to the circuit court within the prescribed time limits.

There are two issues before the court. The first issue is whether the demurrer filed on behalf of Judge Wimbish should be sustained. The second issue is, if the demurrer is not sustained, should the court grant Taylor's Petition for Writ of Prohibition?

With regard to the demurrer, it is elementary that the court must limit itself to the pleadings in making a determination as to the sustainability of the demurrer. It is noted that the petitioner waived his objection to the affidavit requirement by not making an objection within seven days as required by Rule 1:10 of the Rules of the Virginia Supreme Court. Furthermore, pursuant to Rule 1:10, the court may permit the pleading to be sworn to or an affidavit filed. In addition, this court does not agree with Mr. Horsley's argument that a judgment can be set aside by merely declaring a judgment void. The court believes that there must be some factual basis for

declaring a judgment void. For these reasons the demurrer is overruled.

It is the opinion of this court that once a court loses control over a case, it is beyond the court's jurisdiction to take further action and a writ of prohibition will lie. *See Burroughs v. Taylor*, 90 Va. 55 (1893).

However, if there are any factual disputes and it is unclear whether the lower court had jurisdiction to act pursuant to Va. Code Ann. § 8.01-428(A) (1984 Repl. Vol.), a writ should not be granted and the case should be heard on appeal. *In re McCarthy*, No. 1116-87-4 (Ct. of Appeals Oct. 16, 1987).

It appears to this court that there may be a factual dispute in this case as to whether Stevens had proper notice of the February 27, 1987, hearing, and thus whether Judge Wimbish acted properly in declaring the default judgment void under Va. Code Ann. § 8.01-428(A) (1984 Repl. Vol.).

In addition, a Writ of Prohibition is an extraordinary remedy and as such should not be lightly granted. *Supervisors of Bedford v. Wingfield*, 68 Va. (27 Gratt.) 329, 333-334 (1876). Therefore, the plaintiff's Petition for a Writ of Prohibition is denied.

However, it is the opinion of this court that if upon a full hearing of the facts it is determined that events occurred as asserted by the plaintiff, the General District Court had no authority to set aside the default judgment entered on February 27, 1987, and judgment should be reinstated. Therefore, after this case is heard on its merits in the General District Court and if it is appealed, this court will decide two issues. First, the court will address the jurisdictional question of Judge Wimbish's authority to vacate the February 27, 1987, default judgment. If the facts are determined to be as the plaintiff contends, the court will render judgment in favor of the plaintiff without a hearing *de novo.* However, if this court finds that Judge Wimbish did have authority to vacate the default judgment, this court will hear the appeal on the merits.