## CIRCUIT COURT OF THE CITY OF NORFOLK

James R. Williams

 v.

Michael L. Morgan-Towe

 Case No. (Law) L05-2701

Robert R. Williams

 v.

Michael L. Morgan-Towe

 Case No. (Civil) L06-707

 May 2, 2006

BY JUDGE EVERETT A. MARTIN, JR.

On July 12, 2005, the plaintiffs obtained judgments against the defendant in the Norfolk General District Court. The defense was provided by Allstate Insurance Company ("Allstate"). Progressive Gulf Insurance Company ("Progressive") had not been served as allowed by Code of Virginia § 38.2-2206. (Except as otherwise noted, all statutory references are to the Code of Virginia (1950)). At the time of the trial, Mr. Schulwolf was aware of an insurance coverage issue Allstate had raised, as he had seen a reservation of rights letter, but no such letter was ever sent to him.

After the trial, Allstate did deny coverage to the defendant. On August 3, Mr. Schulwolf filed motions to vacate the judgments in the Norfolk General District Court pursuant to § 16.1-97.1. On September 12, the Norfolk General District Court vacated the judgments of July 12.

34

On September 29, Mr. Schulwolf filed new warrants in debt in the Norfolk General District Court for the same causes of action and served Progressive as the plaintiffs' uninsured motorists' carrier. Progressive filed pleas of *res judicata* in both cases in the Norfolk General District Court and removed James R. Williams's case to this court. Robert R. Williams's case could not be removed as the *ad damnum* was for $4500. At a trial in the General District Court on January 23, 2006, Robert R. Williams obtained a judgment for the amount sought. Progressive appealed that judgment to this court.

Progressive claims the General District Court was without jurisdiction to vacate the July 12 judgments and order new trials. Progressive concedes Mr. Schulwolf timely filed the motions to vacate under § 16.1-97.1(A), but it claims the General District Court lost jurisdiction under § 16.1-97.1(B) when it failed to rule on the motions by August 26. I agree with Progressive. The statute provides:

> *When a new trial is granted.* – A. No new trial may be granted from any judgment in a district court unless a motion by one of the parties is made within thirty days after the date of judgment, not including the date of entry of such judgment. The motion for new trial shall be heard by the judge who rendered the judgment, but if the judge is not in office, is absent from the jurisdiction, or is otherwise unavailable to hear the motion for new trial, such motion may be heard by a judge of that district court.
>
> B. A hearing shall be held by the court, as provided herein, and the court shall rule on any such motions not later than forty-five days after the date of judgment, not including the date of entry of such judgment. Nothing contained in this section shall operate to alter the granting of a new trial by the court pursuant to § 8.01-428, or to alter the requirements for appeal from any judgment of any district court as otherwise provided by law.

Statutes governing the granting of new trials in the lower courts have been in effect since the early nineteenth century. Section 2946 of the Code of Virginia of 1887 provided:

> After thirty days from any such judgment, no new trial shall be granted in the case, nor shall it be granted within the thirty days, unless the opposite party be present at the time of the

application, or unless after five days' notice to him (if in the county or corporation) of the time and place of the application for such new trial. The justice, who rendered the judgment, shall alone have power to grant such new trial, while he is in office; if he die, resign, be absent from the county, or be removed, it may be granted by another justice.

In *Burroughs v. Taylor*, 90 Va. 55, 17 S.E. 745 (1893), the plaintiff obtained a judgment against the defendant from a justice of the peace on October 3, 1891. On October 17, the defendant filed a motion for a new trial, and the justice granted the motion on November 9. The plaintiff obtained a writ of prohibition from the Circuit Court, and the defendant appealed. The Supreme Court held:

More than thirty days having elapsed from the date of the rendition of the judgment, the justice had no jurisdiction to award a new trial (section 2946, Code of 1887); and the justice being without jurisdiction in the case, he was properly restrained by the order of prohibition issued by the judge of the circuit court of Mathews county complained of.

90 Va. at 56, 17 S.E. at 746. Judge Ryan of this court reached the same conclusion in construing former § 16.1-97. *Rigg v. Old*, 6 Va. Cir. 9 (1981). See also *Pennington v. Pennington*, 29 Va. Cir. 145 (1992).

The present version of the statute was enacted by 1987 Acts of Assembly, c. 98. It requires the filing of a motion within thirty days of the judgment and a ruling within forty-five days. With the exception of the fifteen-day extension for a ruling, I see no reason to conclude the amendment changed the result in *Burroughs*.

The jurisdiction of the General District Court to vacate its own judgments or to grant new trials is not enlarged by § 16.1-93. That statute allows the correction of *pre-trial* defects, irregularities, or omissions "to bring about a trial of the merits of the controversy and promote substantial justice to all parties." If a General District Court could keep a motion for a new trial under advisement for an indefinite period of time, it would throw confusion into the trial of cases appealed to this court. The forty-five day limit provides certainty to the parties and the courts about whether the General District Court will try the case anew or the appeal in Circuit Court will proceed.

The plaintiff also contends the General District Court was authorized to set aside the July 12 judgments for fraud on the court. The statutory remedy

36

under § 8.01-428(A) is not available as the judgments were not default judgments. The common law remedy is not available as there was no extrinsic fraud on the court. If there was any fraud, it was on the plaintiff's counsel. Nothing the defendant's counsel may have told Mr. Schulwolf about insurance coverage "tampered with the judiciary's machinery and subverted the integrity of the court itself," or prevented "a fair submission of the controversy to the court." *State Farm v. Remley*, 270 Va. 209, 217, 618 S.E.2d 316, 320 (2005). I cannot believe the issue of insurance coverage for the defendant would have been before the General District Court at trial on July 12 as it would not be admissible evidence. *Highway Express Lines v. Fleming*, 185 Va. 666, 40 S.E.2d 294 (1946).

I conclude the Norfolk General District Court had no jurisdiction on September 12 to vacate its judgments of July 12, and I grant the motion to dismiss.