JAMES DOWNING *et al.* v. THE W. J. GOW & BROS. MORTGAGE INVESTMENT COMPANY.

APPEARANCE, *Special, not General.* Where a special appearance is made by a defendant through his attorney before a justice of the peace, merely for the purpose of contesting the regularity of the summons, the alleged service thereof, and to dismiss the action therefor, such appearance cannot be construed into a waiver of jurisdiction, or a waiver of service, or a general appearance by the defendant.

*Error from Graham District Court.*

ON the 26th day of November, 1888, *James and Tempty Downing* filed their bill of particulars against *The W. J. Gow & Bros. Investment Company* before a justice of the peace of Graham county, alleging that the sum of $300 was due them from the defendant on August 24, 1888, and praying for judgment for this sum, with interest at the rate of 7 per cent. from that date, with costs. Thereafter the defendant filed the following motion:

"Now come the defendants, by Wm. Lawson, their attorney, appearing specially and for the purpose of a motion only and to challenge the jurisdiction of the court, and move the court to dismiss said action, for the following reasons, to wit: First, that no summons has been issued in said action, as provided by law. A copy of the pretended summons issued in said action is attached hereto, marked 'Exhibit A,' and made a part hereof. Second, that no service of summons has been had in said action, as now fully appears by the affidavits filed herewith, marked 'Exhibits B and C,' respectively, and hereby made a part hereof.
WM. LAWSON, *Attorney for W. J. Gow & Bros.*"

This motion was overruled by the justice of the peace, and judgment entered in favor of the plaintiffs and against the defendant company for $300, with costs. The defendant excepted, and prosecuted proceedings in error to the district court. On the 17th day of September, 1889, the district court reversed the judgment of the justice of the peace and dismissed the action at the costs of the plaintiffs. They excepted and bring the case here.

*G. W. Jones,* for plaintiffs in error.

*F. D. Turck,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is conceded that the summons issued in this case was not served upon the defendant company. The appearance of the defendant was merely for the purpose of contesting the regularity of the summons and the alleged service thereof, and to obtain a dismissal of the action for these reasons only. This cannot be construed into a waiver of jurisdiction, or a waiver of service, or a general appearance. (*Simcock v. National Bank,* 14 Kas. 529; *Packing Co. v. Casing Co.,* 34 id. 340.)

We are referred to *Handy v. Insurance Co.,* 37 Ohio St. 366, as an authority that the motion was a general appearance. In that case the motion of the defendant involved the merits of the action as stated in the petition.

"The true ground of objection, as raised, first by the motion, and afterwards by the demurrer [in that case], was that the defendant, upon the facts stated in the petition, was not liable to be sued in that court, for the reason that the cause of action, or any part of it, did not arise in the state, nor was the defendant a corporation of the state."

Therefore that case is not authority.

Again, plaintiffs claimed, before the justice of the peace, judgment for $300, with interest from August 24, 1888, aggregating over $305. The amount claimed, being in excess of $300, shows that the justice had no jurisdiction of the action. (Justices' Act, § 2; *Wagstaff v. Challiss,* 31 Kas. 212; *Ball v. Biggam,* 43 id. 327.)

The judgment of the district court will be affirmed.

All the Justices concurring.