# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

*(Continued from Volume 38)*

STATE ex rel. BURT v. DISTRICT COURT OF BOX
ELDER COUNTY et al.

No. 2186.   Decided January 17, 1911.   On Application for Rehearing
March 18, 1911 (114 Pac. 143).

1. JUSTICES OF THE PEACE—COMPLAINT—SUFFICIENT ALLEGATIONS—
VENUE. Comp. Laws 1907, section 3668, prescribes the place
where actions in justice courts shall be commenced and tried.
Subdivision 3 provides in cases of injury to the person or proper-
ty such actions shall be brought in the precinct or city where
the injury was committed, or where the defendant resides.  Sec-
tion 3685 provides that the complaint must be in writing,
verified, and fully allege at least one of the grounds mentioned
in section 3668.  Section 3685x provides that every judgment
given on a complaint not legally verified, or which contains no
allegation, or untrue allegations, of the jurisdictional fact
required by this section, shall be void.  A complaint in an
action against a railroad company for negligence in killing
a horse on its tracks, alleging that in the western part of Box
Elder Precinct in said Box Elder County, Utah, the track of the
Oregon Short Line Railroad Company unites with the track
of the Central Pacific Railroad Company, and that such rail-
road at such place, and south and east thereof, passed through
lands owned and improved by private owners; that at such place
the track should have been fenced, but that the railroad com-
panies had failed to keep the fence in repair so as to keep
out animals; that plaintiff's horse strayed onto said tracks at

39 Utah]                          (1)

a point where fences were defective, and continued therefrom eastward upon said track used by said defendants between Brigham City and Corinne; and that the defendants carelessly operated a locomotive and train of cars so as to run over his horse and kill it—sufficiently states the place where the horse was killed as in Box Elder Precinct of Box Elder County to admit evidence on the point, in the absence of special demurrer for uncertainty, and was sufficient to give the court jurisdiction against a motion to dismiss.    (Page 5.)

2. JUSTICES OF THE PEACE—PLEADING—RULES OF CONSTRUCTION. In determining whether the jurisdictional facts appear from the pleading, the same rules of construction with respect to the pleadings in justices' courts must be considered and applied as in all other courts.    (Page 2.)

3. JUSTICES OF THE PEACE—PLEADING—CONSTRUCTION—STATUTORY REQUIREMENTS. Comp. Laws 1907, section 2986, provides that in the construction of a pleading for the purpose of determining its effect its allegations must be liberally construed with a view to substantial justice between the parties; and in view of the provisions of section 3685, providing that a complaint in a justice court must be in writing and verified, and set forth at least one of the grounds mentioned in section 3668, stating that the action has been commenced in the city or precinct as required by said section, and section 3685x, providing that every judgment given on a complaint not legally verified or containing no allegation, or untrue allegations, of the jurisdictional fact required by such section, shall be void, are highly technical, and do not affect the substantial rights of the parties, the courts, under the liberal provisions of the code of civil procedure of this state, are not authorized to require more than a substantial compliance with those sections.    (Page 8.)

4. MANDAMUS—COSTS—PARTIES LIABLE. Where plaintiff obtained a judgment in a justice's court and defendant had it set aside by a district court without a hearing, on the ground that the justice's court had no jurisdiction, plaintiff is entitled to costs in proceedings in the Supreme Court to obtain a writ of mandate to compel re-instatement against all defendants except the district judge.    (Page 10.)

Mandamus by the People on the relation of Joseph Burt, against the District Court of the First Judicial District in and for the County of Box Elder, and W. W. Maughan, judge thereof, and others.

Peremptory writ issued against respondent to compel the district judge to reinstate and try a certain action dismissed

by him on an appeal from the Justice Court of Box Elder Precinct in Box Elder County, to show cause why he refused to do so.

WRIT GRANTED.

*R. H. Jones* for plaintiff.

*P. L. Williams, Geo. H. Smith* and *H. B. Thompson* for defendants.

FRICK, C. J.

The plaintiff filed an original application wherein he asked this court to issue an alternative writ of mandate requiring Hon. W. W. Maughan, as district judge of the District Court of Box Elder County, to reinstate and try a certain action dismissed by him on an appeal from the Justice Court of Box Elder Precinct in Box Elder County, or to show cause why he refuses to do so. An alternative writ was duly issued, and the judge appeared in this court and made answer thereto.

The material facts are substantially as follows:    The plaintiff herein in January, 1910, commenced an action before a justice of the peace of Box Elder Precinct in Box Elder County, Utah, against certain railroad companies to recover the value of a certain horse, which, it was alleged in plaintiff's complaint filed in said action, belonged to him, and that said defendants had killed by negligently operating an engine and train of cars. The defendants or some of them duly appeared in said action, joined issue upon the facts, and a trial was had upon the merits before said justice of the peace, which resulted in a judgment in favor of the plaintiff for the value of said horse. The defendants duly appealed said cause to the District Court of Box Elder County. After the case had been transferred to and was pending in said court, the defendants filed a motion in said court to dismiss said action upon the sole ground that neither the justice of the peace who had entered judgment nor the district court

had or that said district court could acquire jurisdiction of said action. Upon consideration of said motion, the district court sustained the same and dismissed said action, and, there being no remedy by appeal or otherwise from such judgment of dismissal, the plaintiff presented his application as aforesaid upon the ground that the district court wrongfully and without any legal authority or cause dismissed said action, which it is alleged falls within the rule announced in the case of *Hoffman v. Lewis,* 31 Utah 179, 87 Pac. 167. Section 3668, C. L. U. 1907, prescribes the place where actions in justice courts in this state shall be commenced and tried. Subdivision 3 of said section, which is the only one material here, provides: "In cases of injury to the person or property—in the precinct or city where the injury was committed or where the defendant resides." Section 3685, so far as material here, provides what the complaint filed in the justice court must contain, namely: "The complaint must be in writing, and must be verified, and must fully allege and set forth at least one of the grounds mentioned in section 3668, showing that the action is commenced in the city or precinct as required by said section." Section 3685x, so far as material, is as follows: "Every judgment made or given on a complaint not legally verified, or that contains no allegation, or an allegation that was untrue, of the jurisdictional fact required by this section, . . . shall be void; and shall be so declared, on review, at the instance of the party aggrieved." It also provides that said review may be on appeal.

The district judge contends that the judgment rendered by the justice of the peace which was appealed from was void because the plaintiff herein in his complaint filed in said action had not alleged the jurisdictional fact required by said section 3685. The question, therefore, is: Does the complaint upon which the judgment in question was based "contain no allegation" of the jurisdictional fact required by the section aforesaid? If the complaint contains an allegation which would authorize the introduction of evidence upon the subject of the place where the injury to the horse

was inflicted, the allegation as against a motion to dismiss the action (which is in the nature of a general demurrer to the complaint) must be held sufficient. A statement in a complaint of a material fact or issue may be very defective, yet, if such a statement is sufficient to admit proof of the fact attempted to be stated, the complaint is nevertheless sufficient, at least as against a general demurrer, and at all events as against a collateral attack. The rule upon this subject is well stated by Mr. Pomeroy in his Code Remedies (3d Ed.), section 549, where the author says:

"The doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in the complaint or petition, *or can be inferred by reasonable intendment from the matters which are set forth*, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining however to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." (Italics ours.)

Of course, under our practice, the defective statement would have to be assailed, not by a motion, but by a special demurrer pointing out the defect, and thus require the pleader to cure the defective statement by making it more definite.

The theory upon which the foregoing doctrine rests, and it is the true one, is that a defective or incomplete statement of a material allegation does not constitute a total failure of statement, but it at most is merely a defective or incomplete statement of a material ultimate fact which may always be cured by amendment. From this it follows that such a defect is one of form rather than of substance, and, where such is the case, the complaint always supports a judgment. Mr. Pomeroy, however, points out the true and only test which is to be applied under such circumstances, namely, are the allegations of the complaint sufficient when considered together to admit proof of the fact or facts which it is contended are material to sustain a judgment? In applying this test, it is not of controlling importance that the al-

legations are in themselves crude, defective, and incomplete. The only question is, Are they sufficient to admit proof of the ultimate fact which is attempted to be stated but which is in fact imperfectly or incompletely alleged? Applying this test to the allegations of the complaint in question (in view that it was not assailed by special demurrer), is there any allegation respecting the place where the injury complained of was committed under which proof concerning that fact could legally be admitted? We have no hesitancy in stating that in our judgment there is such an allegation. The complaint is set forth at large by the defendant in his answer to the alternative writ, and it, among other things contains the following: "That in the western part of Box Elder precinct in said Box Elder County, Utah, the track of the Oregon Short Line Railroad Company unites with the line or track of the Central Pacific Railroad Company, . . . and that such railroad at such place, and south and east thereof, passed through lands owned and improved by private owners." It is then stated in the complaint that at the place aforesaid the railroad tracks should have been fenced, stating the reasons therefor, and that said railroad companies had failed to keep the fence in repair so as to prevent animals from going onto said tracks; that grass was suffered to grow upon the right of way of said railroad companies, and that animals would stray thereon; that plaintiff (stating the time) in said Box Elder Precinct was the owner of a certain horse which strayed onto "said tracks at a point where said fences were defective as aforesaid and continued therefrom eastward upon the track so used and operated by said defendants between Brigham City and Corinne." The plaintiff then alleges that defendants in carelessly and negligently operating a locomotive engine and train of cars on the track aforesaid negligently ran said engine and cars against and over his horse and killed it, to his damage in the sum of one hundred and fifty dollars. It is conceded that the complaint contains an allegation that the place where the fences were alleged to be defective and where the horse strayed onto the track was in Box Elder Precinct,

but it is contended that under the allegations the horse may have traveled many miles to the eastward, and thus have passed beyond Box Elder Precinct before it was injured and killed. Assuming that under the allegations it was possible for the horse to have passed beyond the eastern limits of Box Elder Precinct before it was killed by the engine and cars, yet there certainly is no presumption, nor is there a necessary inference from the allegations of the complaint, that such was the case. Indeed, when all the allegations are considered together the inference from them is that the horse remained and was killed within Box Elder Precinct. The mere fact, therefore, that under the allegations it was not an impossibility for the horse to have passed beyond the limits of Box Elder Precinct did not amount to a total want of an allegation of the place where the horse was killed, but, at most, it only amounted to an imperfect or incomplete statement of an ultimate fact. If, therefore, we apply the test to the allegations of the complaint which Mr. Pomeroy says is almost universally applied by the courts, it follows that evidence was clearly admissible showing the precise point where the collision occurred and where the horse was killed. The complaint, therefore did contain an allegation with regard to the precinct in which the alleged injury to the horse was inflicted.

But, at all events, in view of all the allegations contained in the complaint, we think it is clear that the plaintiff intended to and did apprise the defendants that he would attempt to prove at the trial that the horse was killed in Box Elder Precinct. If the allegations in this regard were sufficient, and we think they were, to tender an issue upon that subject, then they were not vulnerable to the attack made upon them by the motion to dismiss. The district court therefore had jurisdiction of the case, and it clearly was its legal duty to proceed to hear it upon the merits. We are not unmindful of the rule that in justice courts the jurisdictional facts must affirmatively appear. In determining the question, however, whether the jurisdictional          2

facts do so appear from the pleading or not, the same rules of construction with respect to the pleadings in justice courts must be considered and applied that are applied in all other courts. The rule in force in this state with respect to the construction of pleadings is stated in section 2986, C. L. U. 1907, as follows: "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." In view that the provisions of sections 3685 and 3685x, *supra,* are highly technical, in that they do not relate to the merits of a case and hence relate to matters which do not effect the substantial rights of the parties, courts under the liberal provisions of the Code of Civil Procedure of this state are not authoized to require more than a substantial compliance with those sections. We are of the opinion that the allegations of the complaint were sufficient to withstand a general demurrer, and were likewise sufficient to inform the defendants of the place where the injury occurred; and, if this view is correct, the complaint was sufficient to sustain the judgment, and this is all that can be required even under the terms of the sections relied on by the defendant in this proceeding.

In view of the conclusion reached, it becomes unnecessary to determine whether a defendant in an action which he has appealed and joined issue, and in which a trial was had upon the merits without any objection on his part that the complaint was defective, may take advantage of the provisions of section 3685x, *supra.* If a decision of that question is unnecessary in order to decide the case, it would in a measure be mere *obiter dicta* if we should decide it. We therefore refrain from expressing an opinion upon that subject.

We are of the opinion, therefore, that a peremptory writ of mandate should issue requiring the defendant as judge of the district court of Box Elder County, Utah, to set aside and vacate the order and judgment dismissing the action aforesaid, and to reinstate the same on his trial calendar, and

to proceed to try the same upon the merits, but without costs. It is so ordered.

McCARTY and STRAUP, JJ., concur.

ON APPLICATION FOR REHEARING.

FRICK, C. J.

Defendant's counsel have filed a petition for a rehearing, in which they insist that we have committed gross error in holding the complaint passed on sufficient. It is insisted that we have invoked the presumptions applicable to courts of general jurisdiction in favor of courts of limited or special jurisdiction. It seems to us, however, that the zeal of counsel has caused them to overlook or misapprehend the question decided by us. The statute passed on in the opinion makes the question of whether the justice had jurisdiction of the subject of the action one of fact. Assuming, but not deciding, that the fact that the horse was killed in Box Elder Precinct had to be established by the plaintiff the same as any other fact necessary to a recovery, how would this affect the sufficiency of the complaint? In the following manner, and in no other, namely: Are the allegations with respect to the jurisdictional fact sufficient to admit evidence in support thereof? Whether they are sufficient is a question of interpretation or construction. From counsel's contention, it would seem that they insist that language in a complaint may mean one thing in a court of general jurisdiction and a different thing in a court of limited jurisdiction. They perhaps would not concede that this is their meaning, yet it is just what their contention amounts to. We did not hold that in courts of limited jurisdiction their power to adjudicate or determine would be either inferred or presumed. What we held is that a complaint will ordinarily receive the same construction whether filed in a court of general, or in a court of limited jurisdiction, and that the rules of construction in both courts are the same. In other words, what we held is that, if the allegation of an ultimate fact is suffi-

cient to admit evidence in support of such a fact in one court, it is equally sufficient in any other court, regardless of the jurisdictional powers exercised by either court. If there is any difference in applying the rules of construction to pleadings, such rules will be applied more liberally in courts of limited jurisdiction than in those of general jurisdiction. This, however, has nothing to do with the presumptions of jurisdiction. In courts of limited or special jurisdiction the jurisdiction must affirmatively appear; but, where the jurisdiction must be established as a fact, it may be so established if the allegations of the complaint are sufficient to admit evidence of such fact, the same as in establishing any other fact. That is all that we decided in the opinion.

The defendants' petition for a rehearing is therefore denied.

Plaintiff has also filed what by him is termed a "petition, for a rehearing," but which, in legal effect, is but a request to modify the judgment for costs so far as it applies to the defendants other than the judge of the district court. The question of awarding costs in proceedings of this character was considered by us in the case of *State v. Ritchie,* 32 Utah 394, 91 Pac. 29. We are of the opinion that, under the rule laid down in that case, plaintiff is entitled to recover costs as against all the defendants other than the district judge, for the reason that in this proceeding all of the defendants filed a joint answer, and, in addition thereto, filed a joint brief and presented oral argument, in all of which they jointly resisted the application of the plaintiff. Moreover, it is manifest that the order dismissing plaintiff's case in the district court, and which was sought to be set aside by the application, was made upon the request of the defendants other than the district judge, and hence it was their act that caused said order and made it necessary for the plaintiff to seek redress in this court, which was the only tribunal in which he could obtain what he conceived to be his legal rights.

We are of the opinion, therefore, that the judgment with respect to costs should be modified. It is therefore ordered that the judgment with respect to costs heretofore entered in this case be, and the same hereby is, set aside; and it is ordered that the plaintiff have judgment for costs against all of the defendants except the judge of the district court.

McCARTY and STRAUP, JJ., concur.