## HENINGER v. OREGON SHORT LINE et al.

No. 2850.   Decided August 25, 1916.   (159 Pac. 964.)

JUSTICES OF THE PEACE—PLEADING—JURISDICTIONAL FACTS—SUFFI-
CIENCY.  Comp. Laws 1907, Section 3668, provides that actions
in justice's courts must be tried in the precinct wherein the
injury was done or defendant resides.  Section 3685 provides
that the complaint must be written and verified, but that other
pleadings may be oral, and must show the jurisdiction.  Sec-
tion 3685x makes every judgment on complaint containing
no allegation of jurisdictional fact void.  *Held* that, conceding,
without deciding, that section 3685x must be strictly con-
strued, a complaint before a justice of the peace in M. precinct
alleging killing of cows one mile north of M. station grounds
at a crossing known as M. Lane, sufficiently alleges the injury
to be within M. precinct to permit amendment on appeal to
the district court by insertion of words "within M. precinct,"
and the judgment was not void. ·

Action by H. C. Heninger against the Oregon Short Line
Railroad Company.  Certiorari to review and annul pro-
ceedings in the First District Court, resulting in judgment for
plaintiff.

WRIT QUASHED, and judgment affirmed.

*George H. Smith* and *A. B. Robertson,* for petitioner.

*George Q. Rich,* for respondent.

LOOFBOUROW, District Judge.

The defendant in the court below filed in this court its peti-
tion for a writ of certiorari to have reviewed and annulled
the proceedings in the above-entitled case had in the District
Court of the First judicial district in and for Cache County.
The writ issued on September 17, 1915, and in compliance
therewith a transcript of the record and proceedings in the
case was duly certified to this court.

The material facts to be considered here are as follows:
The plaintiff commenced an action against the defendant in

the justice's court of Millville precinct, Cache County, Utah, to recover damages for the negligent killing of two cows owned by the plaintiff. He alleged that one of the defendant's passenger trains while operating along and over its line of railroad committed the injury to the cows on the 15th day of August, 1914, at the hour of 10 o'clock a. m. Summons issued and was served upon the defendant's agent. The defendant appeared in the action and answered, denying the allegations of negligence contained in the complaint; and as special defense thereto admitted the killing of the cows and alleged contributory negligence on the part of the owner. No demurrer to the complaint was interposed. Upon the issues thus joined a trial was had that resulted in a judgment for the plaintiff and against the defendant. At this trial each party was represented by an attorney who took part in the proceedings. Following the rendition of the judgment the defendant took the steps necessary to perfect an appeal to the District Court. In that court the case was docketed and set for trial, and at the time fixed for trial the defendant made the following motion:

"Now comes the defendant herein, by its attorneys, appearing specially for the purpose of this motion, and for no other purpose, and shows the court that the complaint of the plaintiff does not contain an allegation of any jurisdictional fact as required by Section 3668, c. 73, Comp. Laws Utah 1907, and that the judgment heretofore entered herein, in the justice of the peace court, on said complaint, is absolutely void by virtue of the provisions of Section 3685x, c. 75, Comp. Laws Utah 1907. Therefore defendant moves the court for an order declaring said judgment void.

GEORGE H. SMITH,
JOHN V. LYLE,
BALDWIN ROBERTSON,
*Attorneys for Defendant.*"

The complaint at that time contained the following and no other allegation of the place where it was claimed the injury to the cows was committed, to wit:

"(3) That on said 15th day of August, 1914, at the hour of about 10 o'clock a. m. on said day, at a point on the defend-

ant's line of railroad about one mile north from the Millville station grounds of defendant, and at a public crossing where defendant's said railroad track passes over a public highway running east and west and known as 'Mauchley's Lane,' the defendant, while engaged in operating its passenger train southward from Logan City to and beyond said Millville station, so negligently ran and operated its train, * * *'' etc.

The motion to declare the judgment of the lower court void was resisted by plaintiff, who asked leave to amend the complaint by interlining the words ''within Millville precinct, in Cache County, Utah,'' after the words ''Mauchley's Lane'' in the part of the complaint above quoted. The District Court thereupon denied the defendant's motion to declare the judgment void, and permitted the plaintiff to amend the complaint as above indicated, to all of which the defendant excepted. After this the case proceeded to trial de novo, with the result that a verdict was rendered for the plaintiff upon which judgment was duly entered. At this stage of the proceedings the defendant came into this court and procured a writ of certiorari.

The statutes of the State of Utah (Comp. Laws 1907) contain the following provisions:

''Sec. 3668. Actions in justices' courts must be commenced, and, subject to the right to change the place of trial as in this chapter provided, must be tried: * * * 3. In cases of injury to the person or property,—in the precinct or city where the injury was committed or where the defendant resides.''

''Sec. 3685. Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended.

''Pleadings, except the complaint, may be oral or in writing. If in writing, must be filed with the justice; and, if oral, an entry of the substance must be made in the docket.

''The complaint must be in writing, and must be verified, and must fully allege and set forth at least one of the grounds mentioned in Sec. 3668, showing that the action is commenced in the city or precinct as required by said section.''

''Sec. 3685x. Every judgment made or given on a com-

plaint * * * that contains no allegation * * * of the jurisdictional fact required by this section * * * shall be void; and shall be so declared, on review, at the instance of the party aggrieved, either on appeal or by means of a writ of * * * certiorari. * * *''

The first question presented is whether the complaint upon which judgment was rendered in the justice's court contains an allegation, or, rather, whether it ''contains no allegation,'' of the jurisdictional fact, to wit, that the injury was committed within Millville precinct; and, if this question should be determined in the negative, that is, that the complaint contains no allegation of such jurisdictional fact, as required by the above sections of our statutes, then what effect should be given Section 3685x in this case?

At the outset it is well to observe that defendant does not claim that the justice of the peace of Millville precinct did not in fact have jurisdiction of the subject-matter of this action, nor that the defendant was in any way misled by the allegations on that subject in the complaint, nor by any omission of allegation. In fact, from reading the defendant's answer it may well be inferred that the defendant intended the fact of the killing of the cows described in the complaint, by defendant's passenger train, within Millville precinct should be admitted; for the answer contains the following paragraph:

''The defendant admits that on or about the 15th day of August, 1914, at or about the hour of ten o'clock a. m., a collision occurred between one of its passenger trains and two cows on the public crossing known as Mauchley's Lane, and that said cows were killed as a result of this collision.''

And further in its separate defense to the cause of action set up in the complaint the defendant—

''alleges that the killing of the animals at the time and place in question was caused, and the cause thereof directly contributed to, by the negligent, careless, and heedless act of the person in charge of them at the time and place in question, said person being an agent of the owner for the purpose of driving said animals over said highway at the point in question,'' etc.

The defendant contends for a strict and literal construction of Section 3685x, and that, if the complaint contains no formal allegation of the jurisdictional fact in the language of Section 3668, then the whole proceeding is without jurisdiction and void, and upon motion for the first time made in the District Court, that court must enter its order declaring the judgment of the justice of the peace void and dismiss the action.

Assuming, for the purposes of this case, though not holding, that Section 3685x is subject to the construction thus contended for, let us examine the complaint with a view of determining whether or not it contains no allegation that the injury alleged was committed in Millville precinct. It will be observed that the complaint has fixed with more particularity than is usual the precise place where the injury is claimed to have been committed. It says, in substance, that:

"The injury occurred at a point on defendant's line of railroad one mile north of Millville station grounds of the defendant and at a public crossing where defendant's track passes over a public highway running east and west and known as Mauchley's Lane, and by a passenger train operated southward from Logan City to and beyond Millville station."

What the complaint fails to say is that the point so described is within Millville precinct. Does the complaint "contain no allegation" or does it contain an allegation that is imperfect and informal? Following the most approved course, the ultimate fact, that is, that the injury complained of was committed in Millville precinct, should be plainly alleged; but, while that is not done, yet facts from which that ultimate fact may reasonable be inferred are alleged, and, we think, constitute a substantial compliance with the statute where the pleading itself is not attacked directly by special demurrer. The allegation is not in the form ordinarily used, and that should have been used, but, though incomplete and imperfect it is sufficient to admit proof of the material ultimate fact. The place where the plaintiff claims the injury was committed is not left at large. The subject is not avoided. The place is fixed very particularly, so that there can be no doubt about it; and the defendant is informed just where the plaintiff's evidence will locate the act—the delict—upon which the plain-

tiff will rely for a recovery. Certainly there is here something to amend. It cannot be said that this complaint "contains no allegation" of one of the grounds mentioned in Section 3668. The District Court was therefore justified in permitting the plaintiff to amend his complaint and in overruling the motion to declare the judgment of the justice of the peace void.

The conclusion we have reached in this case is well supported by the reasoning and decision in the case of *State ex rel. Burt* v. *District Court*, 39 Utah 1, 114 Pac. 143. In view of the conclusions reached as to the allegations of the complaint and the power of the District Court to permit an amendment thereto, it is unnecessary to discuss other questions raised relative to Section 3685x.

The writ of certiorari heretofore issued by this court is quashed, and the ruling and judgment of the District Court affirmed; the petitioner to pay the costs.

STRAUP, C. J., and FRICK, J., concur.