SILVER CITY MERCANTILE CO. v. DISTRICT COURT OF UTAH COUNTY et al.

No. 3582.   Decided December 29, 1920.   (195 Pac. 194.)

1.  JUSTICES OF THE PEACE—FAILURE TO ALLEGE VENUE HELD NOT TO DEPRIVE JUSTICE OR DISTRICT COURT ON APPEAL OF JURISDICTION. Failure of the complaint filed in a justice's court to allege one of the grounds specified in Comp. Laws 1917, § 7426, showing that the action was commenced in the city or precinct as required by such section, did not deprive the justice of the peace, or the district court on appeal, of jurisdiction, notwithstanding sections 7447 and 7448, since section 7426 is not directed to the question of jurisdiction, but is a legislative direction as to the place of commencing actions.

2.  JUSTICES OF THE PEACE—JURISDICTION OF PARTIES MAY BE

WAIVED. If justice of the peace has jurisdiction of the subject-matter, the parties can by their action either voluntarily or otherwise waive the objection to the jurisdiction of the parties.[1]

3. JUSTICES OF THE PEACE—JURISDICTION NOT PRESUMED. No presumption exists in favor of the jurisdiction of the justice's courts, but such jurisdiction must affirmatively appear from the record.

4. APPEARANCE—OBJECTION TO JURISDICTION COUPLED WITH OTHER GROUNDS IS A "GENERAL APPEARANCE." Generally an appearance by motion to object to the jurisdiction of the court of the person of the defendant does not constitute a general appearance, where such appearance is limited or denominated special, but, if the objection is made on other grounds than that of jurisdiction of the person or upon such ground coupled with other grounds, the appearance would constitute a general appearance.

5. MANDAMUS—LIES TO REQUIRE DISTRICT COURT TO VACATE ERRONEOUS ORDER DISMISSING APPEAL FROM JUSTICE'S COURT. Where district court erroneously dismissed an appeal from the justice's court, mandamus will lie to direct the court to vacate and set aside the order dismissing the appeal.[2]

Application for writ of mandamus by the Silver City Mercantile Company against the District Court of Utah County and others.

WRIT GRANTED.

*Chris Mathison,* of Salt Lake City, for plaintiff.

*Coleman, Tucker & Straw,* of Provo, for defendant.

GIDEON, J.

Plaintiff asks this court for a writ of mandate directing the

---

[1] *Quealy* v. *Sullivan,* 42 Utah, 565, 132 Pac. 4; *Beck* v. *Lewis,* 49 Utah, 368, 140 Pac. 480.

[2] *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167.

district court of Utah county to vacate an order dismissing an appeal from the justice's court of Provo City.

The following facts appear from the affidavit for the writ:

In June, 1918, the plaintiff filed a complaint against Robert Sidley and Mrs. Bertha Warburton Sidley in said justice's court. The charging part of the complaint, as set out in the affidavit, is as follows:

"Plaintiff complains of the defendants, and for cause of action alleges:   That on between the 17th day of July, 1915, and the 31st of October, 1916, at Silver City, Utah, defendants became indebted to the plaintiff in the sum of $201.10 on account for goods, wares, and merchandise sold and delivered to the defendants by the plaintiff at defendants' special instance and request; that defendants have not paid the same or any part thereof; that payment has been requested, but defendants have failed, neglected, and refused to pay the same."

Prayer for judgment.   On October 15th of the same year said defendants Sidley appeared specially in the justice's court, and, limiting their appearance for the purposes of the motion only, moved the court to dismiss the action upon the following grounds:

"That this court has no jurisdiction of the person or subject-matter of this action for the reason, that, this court being a court of inferior jurisdiction, the jurisdiction of the court as set out in section 3668, Compiled Laws of Utah 1907, must appear affirmatively upon the face of the complaint as required by section 3685, Compiled Laws of Utah 1907, and that the same nowhere appears upon the face of the complaint filed in this action."

Sections 3668 and 3685 are now sections 7426 and 7447 in the 1917 compilation of our statutes.

The motion was granted, and a judgment dismissing the action entered.

Thereafter the plaintiff appealed from that judgment to the district court of Utah county.   Said defendants again specially appeared in the action in the district court and filed a motion to dismiss the appeal and alleged grounds for the same as follows:   (a)   That said district court has no jurisdiction; (b) that no appeal lies from the order of the justice's court dismissing the action; (c) that the justice's court has no jurisdiction of the purported cause of action set out

in the amended complaint; (d) that the said justice's court had no jurisdiction of the defendants or either of them. The district court, in August, 1920, granted the motion and made an order dismissing the appeal.

Comp. Laws Utah 1917, § 7426, relating to the place of trial and where actions in justices' courts shall be commenced, provides, among other things, as follows:

"Actions in justices'· courts must be commenced, and, subject to the right to change the place of trial, * * * must be tried: 1. If there is no justice's court for the precinct or city in which the defendant resides, in any city or precinct of the county in which he resides; *    * * 6. when the defendant is a nonresident of the county, in any precinct or city wherein he may be found; 7. when the defendant is a nonresident of the state, in any precinct or city in the state; 8. when a person has contracted to perform an obligation at a particular place and resides in another county, precinct, or city, in the precinct or city in which such obligation is to be performed, or in which he. resides; 9. when the parties voluntarily appear and plead without summons, in any precinct or city in the state; 10. in all cases, in the precinct or city in which the defendant resides."

Section 7447 of the same compilation, relates to pleadings, states that the complaint in a justice's court must be in writing, must be verified, and must fully allege and set forth at least one of the grounds mentioned in section 7426 showing that the action is commenced in the city or precinct as required by the last-named section.

Section 7448 provides:

"Every judgment made or given on a complaint not legally verified, or that contains no allegation or an allegation that was untrue of the jurisdictional fact required by this section. * * * shall be void. * * *"

Section 7448 was first enacted by the Legislature in 1907 as an amendment to section 3685 of the Revised Statutes of Utah 1898. In the amendment it appeared as a subdivision of said section 3685. In the compilation of 1907 it was inserted as section 3685x. In the 1917 compilation it appears as a separate and independent section. From this it is apparent that the words "this section" refer to the section immediately preceding, namely, section 7447, and that the "ju-

risdictional fact" spoken of means "one of the grounds mentioned in section 7426, showing that the action is commenced in the city or precinct as required by" section 7426.

Admittedly the complaint filed in the justice's court here in question did not contain any one of the grounds showing that the action was commenced in the city or precinct as required by section 7426. The district court took the view that the failure of the plaintiff to allege in its complaint any one of the grounds showing that the action was commenced in the city or precinct as required by Comp. Laws Utah 1917, § 7426, deprived the justice of the peace of any jurisdiction of the parties and also of the subject-matter involved in the suit, and, upon that theory, dismissed the appeal. In that view we are of the opinion the court was in error.

Section 7426 is not directed to the question of jurisdiction of the subject-matter nor of the parties. It is a legislative direction as to the place of commencing actions, also the place of trial of actions begun in such inferior courts. It in no way attempts to limit the jurisdiction of the court or either the subject-matter or parties. If the court has jurisdiction of the subject-matter, the parties can, by their action, either voluntarily or otherwise, waive the objection to the jurisdiction of the parties. *Quealy* v. *Sullivan,* 42 Utah, 565, 132 Pac. 4; *Beck* v. *Lewis,* 49 Utah, 368, 164 Pac. 480.

True it is that section 7448 makes any judgment void entered upon a complaint not verified or which fails to allege any one of the grounds showing that the action is commenced in the city or precinct set out in section 7426. Such fact, however, in no way deprives the justice of jurisdiction of either the subject-matter or the parties.

Upon appeal from a justice's court to the district court a case shall be heard anew, and amendments to pleadings may be allowed in the same manner as in actions commenced originally in the district court. Comp. Laws Utah 1917, § 7515. It does not appear in this proceeding upon whom notice was served in taking the appeal from the justice's court, but it is stated in the affidavit that an appeal was taken. That

being admitted, the entire case was before the district court for trial de novo. As we have indicated, the failure of the complaint to state any one of the grounds mentioned in section 7426 showing that the action was commenced in the city or precinct as required by said section did not deprive the justice of jurisdiction of either the parties or the subject-matter. For the same reason such failure did not deprive the district court of the same jurisdiction.

It may be conceded, as contended for by defendants, that if the justice of the peace did not have jurisdiction of either the subject-matter or the parties, and that such affirmatively appeared upon the face of the complaint, then the appellate court was likewise without jurisdiction except to make an order dismissing the appeal. It may also be conceded that, if the justice had jurisdiction and had been ousted of such jurisdiction upon the filing of an affidavit as required by Comp. Laws Utah 1917, § 7427, the appellate court in such case would not, by the appeal, acquire any jurisdiction over the parties or the matter involved. No such question as that, however, is involved here.

At the hearing in this court defendants demurred to the affidavit for writ of mandate on the general ground that the facts therein stated are not sufficient to state a cause of action or to give the relief prayed for. At the same time an answer was filed in which it is stated that the purported appeal was dismissed by the district court for the reason that said court had no jurisdiction to proceed and try the same and render judgment therein; said justice's court from which the appeal was taken having had no jurisdiction of the said cause of action and having had no jurisdiction of the parties defendant. The district court's conclusion that it was without jurisdiction for the reason that the justice's court was also without jurisdiction either of the subject-matter or the parties, we think, was erroneous.

Much of the argument of both plaintiff and defendant is directed to the general proposition that no presumption exists in favor of the jurisdiction of justice's courts, but that such jurisdiction must affirmatively

appear from the record. Such is undoubtedly the rule of law respecting the jurisdiction of such courts, but has it any application to the facts as shown by this record? We think not.

In their written briefs both parties have discusssed the question of whether the appearance of the defendants Sidley in the justice's court, and also in the district court, was not in fact a general appearance, although designated special. Plaintiff insists that by reason of the relief asked the appearance was a general appearance. While determination of that question is not necessary and can have no bearing in any way upon the question as to whether the court was right in dismissing the appeal, it may nevertheless not be amiss for us to state our views, as it may become important in the further proceedings before the district court. It may be stated as a general rule of law supported by the authorities that an appearance by motion to object to the jurisdiction of the court of the person of the defendant does not constitute a general appearance where such appearance is limited or denominated special. If, however, the objection made is upon other grounds than that of jurisdiction of the person, or upon that ground coupled with other grounds, such would constitute a general appearance. *McNab* v. *Bennett,* 66 Ill. 157; *Fitzgerald Const. Co.* v. *Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; *Elliott* v. *Lawhead,* 43 Ohio St. 171, 1 N. E. 577; *Downing* v. *Gow Bros.,* 53 Kan. 246, 36 Pac. 355; 3 Cyc. 509. The defendants Sidley, as will be seen, based their motion to dismiss the case upon the theory that the court was without jurisdiction of either the persons or subject-matter. They also based the motion in the justice's court upon the same theory.

The opinion of this court in *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167, supports the conclusions herein reached.

The writ directing the district court to vacate and set aside the order dismissing the appeal as prayed for is granted; costs to be taxed against defendants Sidley.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.

FRICK, J.   I concur in the conclusion reached that a peremptory writ of mandate requiring the district court to set aside the judgment of dismissal and to reinstate the case and proceed with it in accordance with law should issue.   I, however, base my concurrence upon the following grounds:

It is alleged in the application for the writ by plaintiff, and necessarily admitted by the motion to dismiss the action, which can be considered only as a demurrer, that the plaintiff had commenced an action against the defendants Sidley in the justice's court of Provo City by filing a complaint, the allegations of which are set out in the application for the writ. It is alleged in the application, all of which is necessarily admitted by the motion aforesaid, that the defendants Sidley filed a motion to dismiss the action, setting forth as grounds for said motion that it "must appear affirmatively upon the face of the complaint as required by section 3685, Compiled Laws of Utah 1907," that the justice's court has jurisdiction. That fact, it is stated in the motion, is not made to appear "upon the face of the complaint."   The justice's court granted the motion and dismissed the action.   The plaintiff appealed the case to the district court of Utah county, in which court a motion was again interposed to "dismiss the appeal," which motion was also granted, and the appeal was dismissed.   The ruling of the district court, it seems, was based upon the grounds that the justice's court had not acquired jurisdiction of the action for the reason that a jurisdictional fact had been omitted from the complaint, and hence the district court had no jurisdiction.   The action which was dismissed, it is alleged in the application, was commenced "by filing a complaint."   The action was therefore commenced as our statute (Comp. Laws Utah 1917, § 7435) provides.   The purpose of the action was to recover upon an alleged indebtedness of $201.10.   The justice's court thus had jurisdiction of the subject-matter.   The only ground, therefore, upon which the motion to dismiss the action in that court could be, and in fact was, based, was that the complaint filed in said court was defective in that it failed to state an essential fact.   That motion, manifestly, did not deprive the

justice's court of jurisdiction of the subject-matter, and that is tacitly or necessarily implied by the filing of the motion to "dismiss the action." A defective summons, or a defective return of service of process, may, on motion, and by special appearance for that purpose only, be quashed. A defect in a complaint which relates either to matter of substance or to a matter of form can, however, be reached only by demurrer; if the alleged defect be of substance, then by a general demurrer, and if the supposed defect relates to some matter of form, then by a special demurrer in which the particular defect or defects must be pointed out. The defect complained of in this alleged motion was that an essential fact had been omitted to be stated in the ,complaint. The defect was thus one of substance which could not be reached by a motion to dismiss the action, but had to be reached by demurrer. In filing a demurrer, the party filing it necessarily enters a general appearance. That is so because he cannot complain of a defect which can be reached only by demurrer without invoking the judgment of the court. He can invoke the court's judgment only by entering his appearance in the action. That is the effect of our statute (Comp. Laws Utah 1917, § 7029) which provides that the filing of a demurrer constitutes a general appearance. Such is the effect although the jurisdiction of the court is challenged in the demurrer that is filed. *Farnsworth* v. *Union Pac. Coal Co.,* 32 Utah, 112, 89 Pac. 74, and *Stone* v. *Railroad,* 32 Utah, 185, 89 Pac. 715. Nor can a party avoid the effect of such appearance by calling what in the nature of things is, and ·functions as, a demurrer, a motion. It is utterly immaterial what he calls the thing he files. If he thereby assails the sufficiency of the complaint, regardless of what the defect may be, the attack upon the complaint is nevertheless a demurrer, and can be nothing else. In this case, therefore, the alleged motion was merely a demurrer by which the sufficiency of the plaintiff's complaint was assailed because it failed to state a fact which the law requires should be stated therein. The defect was therefore one of substance and should have been so treated. The justice's court, therefore, should have considered the

motion in the nature of a demurrer, and, in view of the defect, should have sustained it. Upon doing that the court should have given plaintiff the statutory time, or such additional time, if any, as in his judgment would have been sufficient to enable the plaintiff to cure the defect by amending its complaint. If the plaintiff then failed, neglected, or refused to amend so as to cure the defect and comply with the law, then, and then only, should the justice have entered a judgment dismissing the action. In doing all that, the justice's court would, however, be exercising jurisdiction, and the defendants could not have the action dismissed without invoking such jurisdiction. When, therefore, the case reached the district court, the situation was precisely the same as it was in the justice's court. The so-called motion filed therein was merely a general demurrer, and the district court should have so regarded it and have sustained it and granted plaintiff the statutory time in which to amend its complaint. In view, therefore, that the court refused to proceed with the appeal and dismissed it, the case falls squarely within the rule laid down in *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167, where a writ of mandate was issued requiring the district court to reinstate the appeal and to proceed to dispose of the case in accordance with law.

The application involved here presents an important question of practice. If a party may invoke the judgment of a court respecting the sufficiency of the pleadings without coming into court, and such court may dismiss an action because the complaint is deficient in substance, and for that reason the court assumes to be without jurisdiction, then indeed have we entered upon a new era respecting procedure. Ordinarily neither court nor counsel would have been betrayed into assuming the position that the court and counsel for defendants Sidley in this case assumed. No doubt both were influenced by the fact that the statute requires a certain statement to be made in the complaint. That is, however, merely a requirement imposed by law, and the question whether the law has or has not been complied with is a judicial one, and in determining it the judgment of the court is invoked. To in-

voke such judgment the party invoking must necessarily come into court.  Nor does it make any difference whether the omission in the complaint is obvious and palpable or whether, as in the cases of *Burt* v. *District Court,* 39 Utah, 1, 114 Pac. 143, and *Heninger* v. *O. S. L. R. Co.,* 48 Utah, 368, 159 Pac. 964, it is obscure and doubtful.  In either event the question is judicial and must be so treated.  Any other rule would lead to endless confusion, and the right to cure a defect by amendment would be entirely cut off, and the right to be heard in the courts in a proper manner would be denied, and cases would be dismissed and disposed of merely because an attorney, or the party himself forsooth, had committed an error in pleading.  If one case can be dismissed for such an error, then all cases can be, and a party commencing an action in any court can successfully maintain it only in case that his pleadings are without a flaw.  Such, happily, is not the law.

If an action is not commenced in the proper precinct or county, and the defendant desires to have the cause tried in the precinct in which it should have been commenced, he may deprive the justice's court of jurisdiction and the right to proceed in the action by filing the affidavit provided for in Comp. Laws Utah 1917, § 7430.  When that affidavit is filed, and not until then, is the justice's court deprived of jurisdiction.  See *Gallagher* v. *District Court,* 36 Utah, 69, 104 Pac. 750.  See, also, *Robinson* v. *Durand,* 36 Utah, 93, 104 Pac. 760.

The district court, therefore in dismissing the appeal, has in legal effect refused to proceed with the case.  A peremptory writ of mandate should therefore issue requiring said district court to reinstate the appeal and proceed with the cause as herein suggested.  Cost should be taxed against the defendants Sidley only.